[No. 12087-5-I.   Division One.   January 16, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT BRYAN PORTER, *Appellant.*

*Raymond H. Thoenig* and *Julie Kesler* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Patrick Schneider* and *James Roe, Deputies,* for respondent.

SCHOLFIELD, J.—Robert Bryan Porter appeals his jury conviction for first degree arson, alleging the trial judge erred in refusing a timely ruling on his motion in limine to exclude evidence of his former conviction for eluding a pursuing police vehicle. We affirm.

Prior to trial, Porter filed a motion in limine seeking to exclude evidence of the prior conviction, but the judge made no definitive ruling on the motion. Shortly before the State rested its case, the deputy prosecuting attorney advised the judge that since Porter apparently intended to testify in his own defense, both parties desired a definitive ruling on Porter's motion in limine. The trial judge declined to rule at that time, stating he wanted to hear all of the evidence and would not make a ruling until Porter had actually testified. The trial proceeded and the motion was never renewed. Porter testified on direct examination about his prior conviction for "attempting to elude a police officer."

Porter argues that the trial judge took the position that he would not rule on the motion until Porter was asked the question on cross examination. While the comments of the trial judge can be so interpreted, they can also be interpreted as a statement that he would rule when the cross examination reached the point where the question would be asked; the jury would then be excused and the judge would rule on Porter's objection to admitting evidence of his prior conviction.

Our cases on this subject indicate that a motion in limine is the proper procedure to obtain an early ruling on the admissibility of prior convictions. *State v. Latham,* 30 Wn. App. 776, 638 P.2d 592 (1981), *aff'd,* 100 Wn.2d 59, 667 P.2d 56 (1983); *State v. Koloske,* 34 Wn. App. 882, 667 P.2d

635 (1982). An early ruling is helpful to both parties and avoids interruption of proceedings before the jury; however, the courts have not yet imposed a requirement that a trial judge make a definitive ruling before the defendant takes the witness stand. *State v. Evans,* 96 Wn.2d 119, 123, 634 P.2d 845 (1981); *State v. Moore,* 33 Wn. App. 55, 651 P.2d 765 (1982).

It is reasonable and proper for a trial judge to defer his ruling until he knows enough about the case to be able to make an intelligent decision. *Fenimore v. Donald M. Drake Constr. Co.,* 87 Wn.2d 85, 549 P.2d 483 (1976). Until the court has ruled on the motion, however, any question relating to prior convictions should not be asked in the presence of the jury. *Fenimore v. Donald M. Drake Constr. Co., supra.* The trial judge did not err in declining to rule before the State had rested its case in chief.

We see no persuasive reason, however, why the trial judge would need to defer ruling on a timely motion to exclude prior convictions beyond the point in the trial when the defendant must decide whether to testify in his own defense. In some cases, this is a difficult decision of critical importance. *State v. Hill,* 83 Wn.2d 558, 520 P.2d 618 (1974). We hold Porter was entitled to a ruling before he took the stand.

We believe this ruling is consistent with the reasoning of the cases previously cited, and enables defendants in criminal cases to decide whether to testify, unimpeded by uncertainty caused by the failure of the trial judge to make a timely ruling. *State v. Hill, supra.*

However, we also conclude that Porter waived his right to a timely ruling when he proceeded to testify about his prior conviction on direct examination without renewing his motion. By so testifying, Porter did not give the trial judge an opportunity to rule on his motion at a time when a refusal to rule would have been error. 5 K. Tegland, Wash. Prac., *Evidence* § 9, at 15 (2d ed. 1982).

454

Judgment affirmed.

DURHAM, C.J., and CALLOW, J., concur.

Reconsideration denied March 7, 1984.

Review denied by Supreme Court May 11, 1984.