THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WESLEY L. OWEN, Defendant-Appellant.

Fourth District   No. 5—97—0409

Argued October 14, 1998.—Opinion filed October 20, 1998.

Daniel M. Kirwan, and Robert S. Burke (argued), both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Timothy J. Londrigan (argued), all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In September 1996, the State charged defendant, Wesley L. Owen, with possession of a controlled substance (less than 15 grams of a substance containing cocaine) (720 ILCS 570/402(c) (West 1996)). In March 1997, a jury convicted him of that offense, and the trial court later sentenced him to three years in prison. Defendant appeals, arguing only that the court erred by denying his motion *in limine*, which sought to bar the State from impeaching him with his prior convictions for robbery and attempt (obstruction of justice). We affirm.

## I. BACKGROUND

On January 14, 1997, the trial court conducted a preliminary hearing on the charge against defendant, found probable cause, and arraigned him. After defendant pleaded not guilty, the court entered a written discovery order directing the parties to provide discovery information to each other in accordance with supreme court rules. The court also allotted the case for trial on March 18, 1997, and set a status hearing for February 11, 1997. At that hearing, the court scheduled a "jury pretrial" for March 3, 1997. After conducting the "jury pretrial" on March 3, the court reaffirmed the jury trial setting for March 18, 1997.

On the morning of March 18, 1997, prior to the start of defendant's jury trial, defendant filed a motion *in limine*, which sought to bar the State from impeaching him with his two prior convictions. The two

convictions at issue were for robbery and the misdemeanor offense of attempt (obstruction of justice). Defendant's motion stated that the prosecutor had informed defendant's attorney the previous day that the prosecutor intended to use these two convictions as rebuttal evidence to impeach defendant if he were to testify. The motion contended that "the only purpose of such impeachment evidence is an attempt to prejudice the [d]efendant unfairly and to attempt to influence the jury herein to return a verdict of guilty in this case." The motion also stated that "it is necessary for the [d]efendant to know if the [c]ourt will allow such evidence so that he can determine whether he will take the stand or not and whether he should attempt to minimize such impeachment by bringing it out on his direct evidence while he is testifying if he decides to testify."

We note parenthetically that although the motion states the prosecutor informed defense attorney only the day before that the prosecutor intended to use these two convictions to impeach defendant, the motion does not indicate when the State informed defense counsel that defendant had these two prior convictions. The State has attempted to supplement the record with a bystander's report purporting to show that the State provided that information two months earlier at the time of defendant's arraignment, but we have sustained defendant's objection to that motion because it failed to comply with the provisions of Supreme Court Rule 323(c) (166 Ill. 2d R. 323(c)). In any event, our disposition of this case would not be affected even if the record contained the date on which the prosecutor disclosed the two prior convictions.

The record shows that the proceedings in the trial court began on March 18, 1997, with the court calling the case by name, noting the presence of the defendant and the attorneys, and then stating the following: "Motion *in limine* filed this date by the defendant. Motion not timely. Motion denied. Statement of nature of the case on file. Any chance to resolve this case?" When the prosecutor indicated that he did not think so, the very next line of transcript shows proceedings occurring in open court in the presence of the jury, during which the court introduced the jury to the case it was about to hear.

The State's only witness was a Decatur police officer who found a plastic bag containing cocaine under the backseat of his patrol car after he had arrested defendant as a result of a traffic stop and had taken defendant to the Macon County jail. At the scene of defendant's arrest, the officer noticed defendant sliding down in the seat at an odd angle and moving his hands behind his back. The officer had searched the backseat of his squad car before he placed defendant in it and no cocaine was then present. He found the cocaine in the backseat after

he delivered defendant to the Macon County jail. After the officer testified, the parties stipulated (1) to the chain of evidence on the exhibit taken from the police car, and (2) that a forensic scientist identified the exhibit as .05 grams of a substance containing cocaine.

The State then rested, and the trial court denied defendant's motion for directed verdict. The following dialogue then occurred.

"[Defense counsel]: Then, regarding my motion *in limine*, your Honor, so I can determine whether to put the defendant on.

THE COURT: The motion was not timely made. The motion is denied. The discovery order entered in this case provided for filing motions prior to trial. You filed your motion on the day of trial. It is not timely. The motion is therefore denied.

[Defense counsel]: I believe that motions *in limine* can be made at any time.

THE COURT: I don't believe you are right.

[Defense counsel]: In any event, your Honor, at this time we are going to call the defendant."

Defendant then testified as the only defense witness and denied that the cocaine found in the police car came from him. He explained that he was sitting at an odd angle within the police car because he is tall (5 feet 11 inches). At the conclusion of defendant's direct examination, defense counsel elicited from defendant that he was convicted of robbery in 1992 and attempt (obstruction of justice) in 1993.

During closing argument, the prosecutor referred to defendant's prior convictions and told the jury that it was entitled to take them into account when it determined defendant's credibility as a witness. The prosecutor then stated the following:

"And you have to ask yourselves, is someone who is likely to have committed these crimes, likely to be a believable witness? The kind of person who is going to get on the witness stand and tell you the truth about what happened. You can take that into account. The law says you can take that into account."

The trial court appropriately instructed the jury regarding the limited purpose for which evidence of defendant's prior convictions could be considered (see Illinois Pattern Jury Instructions, Criminal, No. 3.13 (3d ed. 1992)), and the jury found defendant guilty as charged. Defendant subsequently filed a motion for new trial, asserting in part that the court erred in not allowing a hearing on, or granting the relief asked for in, the motion *in limine* defendant filed on the day of trial. The court denied that motion and sentenced defendant to three years in prison. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court erred by not granting his

motion *in limine*, which sought to bar the State from impeaching him with his prior convictions. In so arguing, defendant contends that he

> "moved in a timely manner to bring [the prior conviction issue] to the court's attention outside the presence of the jury. Once the court was aware of the State's intention, the burden was placed on the State—as the proponent of the evidence—to show that the prior convictions were probative of some issue in the case."

Defendant then asserts that when the court rejected his motion as untimely, it committed error by "relieving the State of its burden to show probative value [of defendant's prior convictions]." Defendant also argues that "[t]he trial court explicitly based its ruling upon the pre-trial 'timeliness' of the defendant's objection to the State's potential impeachment evidence—an improper legal standard." However, defendant never explains why a trial court's decision not to entertain a motion *in limine* on the grounds that it is not timely is improper.

Defendant's position assumes that a trial court is *obligated* to consider a motion *in limine* on the merits and decide it. That assumption is wrong.

■ Motions *in limine* are designed to call to the attention of a trial court, in advance of trial, some evidence which, because of its potentially prejudicial nature, cannot be discussed in the jury's presence until the court has determined it is admissible. The most common examples of such evidence in criminal cases are the defendant's prior convictions (as in this case) and the State's wish to present other-crimes evidence. Motions *in limine* are commonly used to obtain a pretrial order excluding inadmissible evidence and barring any questioning of witnesses regarding such evidence. *Kutchins v. Berg*, 264 Ill. App. 3d 926, 930, 638 N.E.2d 673, 675 (1994). Even though the title—motion *in limine*—suggests that such motions may be used only to seek to bar or limit evidence, they may also be used by the proponent of the evidence to obtain a pretrial ruling in appropriate circumstances, such as when the State wishes to present the trial court with other-crimes evidence the State will want to introduce at trial. See M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 103.9, at 27 (6th ed. 1994) (hereinafter Graham's Handbook).

As a result, motions *in limine* often achieve great savings of time and judicial efficiency, and resolving a difficult evidentiary issue prior to trial sometimes results in settlement or a guilty plea. In criminal cases like this, a preliminary ruling on the admissibility of a defendant's prior convictions for the purpose of impeaching him would assist the defendant and his counsel in deciding whether defendant wishes to testify and, if so, whether defense counsel should bring out

such convictions during direct examination in the hope that his doing so might diminish their negative impact.

One difficulty common to all motions *in limine* is that they occur—by definition—out of the normal trial context, and resolving such a motion requires the trial court to determine what that context will be. Thus, the court must receive offers of proof consisting either of live testimony or counsel's representations that the court finds sufficiently credible and reliable. Because a motion *in limine* typically asks the court to bar certain evidence, the supreme court has deemed such motions "powerful weapons" and has urged caution in their use. *Reidelberger v. Highland Body Shop, Inc.*, 83 Ill. 2d 545, 550, 416 N.E.2d 268, 271 (1981) ("Before granting a motion *in limine*, courts must be certain that such action will not unduly restrict the opposing party's presentation of its case"); *Rush v. Hamdy*, 255 Ill. App. 3d 352, 365, 627 N.E.2d 1119, 1127 (1993) (motions *in limine* precluding evidence "should be employed with caution").

■ "A trial judge has discretion in granting a motion *in limine* and a reviewing court will not reverse a trial court's order allowing or excluding evidence unless that discretion was clearly abused." *Swick v. Liautaud*, 169 Ill. 2d 504, 521, 662 N.E.2d 1238, 1246 (1996). Similarly, depending upon the nature of the evidentiary issue before it, the court has vast discretion as to how it will conduct the hearing on a motion *in limine*—that is, requiring live witnesses or representations, affidavits, or whatever—and the court has vast discretion as to how detailed such a hearing will be, as well.

For the same reasons that the supreme court has ruled that trial courts have discretion before granting a motion *in limine*—namely, because such motions constitute "powerful weapons," they must be exercised with caution—we hold that trial courts also possess the discretion to choose not to entertain a motion *in limine* at all. That is, a court is fully justified to exercise its discretion by telling the moving party that—*for whatever reason*—the court chooses not to entertain the party's motion *in limine* and instead will require the evidence in question, if it is to be offered at all, to be presented in the normal course of things during trial. The court will then make its ruling upon the evidentiary question at issue when the matter has become ripe, assuming it ever does.

We so hold because, if the court must "balance the prejudice that might be avoided if it grants the motion against the complication or inconvenience that would result if the motion is denied" (*Rush*, 255 Ill. App. 3d at 365, 627 N.E.2d at 1127), a court might easily conclude that the best way to ensure a correct ruling on a complicated evidentiary issue is to wait for that issue to become ripe at trial. Then the

court would no longer need speculate about what the trial evidence *might be*; instead, the court has already heard that evidence, and the context in which to decide the evidentiary issue has become clear. As Professor Graham has noted, the most appropriate response to a motion *in limine*, instead of conducting a hearing on its merits, may be to defer the issue to such time, if ever, that the issue is presented at trial, while issuing "an order requiring that the matter be brought to the attention of the court prior to being disclosed in any fashion to the jury." Graham's Handbook § 103.9, at 30.

■ Given the uncertainties that are inherent with any motion *in limine*, it is difficult to envision a situation in which a trial court would abuse its discretion by choosing not to entertain the motion and instead requiring that the matter be presented and resolved at trial. Although we have trouble envisioning what might constitute an abuse of such discretion, we have no difficulty in determining what does not: denying a motion *in limine* on the ground that it is untimely or on the ground that resolving it might take too much time cannot constitute an abuse of the trial court's discretion. This is particularly so when, as in this case, the motion *in limine* is made on the date of trial, and in order for the court to address it, the court would need to keep a jury waiting, wondering why nothing was happening despite the jurors' having been required to appear at the courthouse.

Trial judges are appropriately loath to waste the time of juries, and entertaining motions *in limine* filed immediately prior to or during trial defeats one of the primary advantages of such motions in the first place. That advantage is that if the court and counsel will need to spend a lot of time discussing and resolving a particularly difficult evidentiary issue, that time can be spent before a jury is ever required to come to the courthouse. However, if the jury is waiting while the motion is argued, one of the primary justifications for entertaining a motion *in limine* no longer exists. Similarly, the impetus for settlement or a guilty plea is diminished by such late presentation.

Accordingly, we conclude that the trial court's decision in this case not to entertain defendant's motion *in limine*, based upon its concern about untimeliness, did not constitute an abuse of its discretion.

We understand the desire of defense counsel in this case to learn, before defendant testified, whether the trial court intended to permit the State to introduce either or both of defendant's prior convictions to impeach him, but defense counsel's desire does not compel the trial court to make a preliminary ruling—that is, preliminary in the sense that the court would be ruling on the admissibility of the defendant's prior convictions before they would normally be at issue. They become at issue, of course, only after (1) a defendant has testified, and (2) the

State seeks to introduce his prior convictions for impeachment purposes in its rebuttal case.

We also note that the supreme court has repeatedly urged trial courts, when confronted with the State's request to impeach a defendant with his prior conviction, to carefully apply the balancing test set forth in *People v. Montgomery*, 47 Ill. 2d 510, 517, 268 N.E.2d 695, 699 (1971), which weighs the prejudicial effect of such evidence against its probative value. *People v. Williams*, 161 Ill. 2d 1, 38-39, 641 N.E.2d 296, 311-12 (1994). Professor Graham has written that even though defense counsel would like to know what the trial court's ruling on prior convictions will be, "Nevertheless the necessity of evaluating all of the factors to be considered in deciding admissibility of a prior conviction in light of the testimony actually introduced at trial permits the court to withhold decision until after the defendant testifies." Graham's Handbook § 103.9, at 29-30.

In the case before us, defense counsel simply assumed that the trial court was going to permit the State to impeach his client with the two prior convictions, but in fact the court never made any such ruling. Because of defense counsel's preemptive action—eliciting the two prior convictions from defendant during his direct examination—the court was never called upon to rule on the admissibility of those convictions. That being the case, defendant cannot now argue the impropriety of the State's use of his two prior convictions to impeach him as if the trial court had so ruled. Because no such ruling was ever made, this argument is improper.

In so concluding, we are mindful that the supreme court in *Williams* (161 Ill. 2d at 33-35, 641 N.E.2d at 309-10) also addressed the situation in which defendant complained on appeal that the trial court improperly denied his motion *in limine* seeking to bar the State from impeaching him with a prior conviction. After the court denied that motion, defense counsel elicited during the defendant's direct examination that he had a prior felony conviction. On appeal, the State argued that the defendant had waived this issue because he brought out his prior conviction during his own testimony. The supreme court disagreed and wrote the following:

"[I]t is not inconsistent for a defendant to request the exclusion of evidence and, subsequent to the court's denial of that request, to disclose the evidence himself in the hope of lessening its impact upon the jury. Disclosure of evidence by a defendant in anticipation of the State's court-approved revelation of it is a matter of strategy designed to reduce the prejudicial effect of the evidence on the defendant's credibility.

Once the trial court ruled in the present case that the State

could impeach defendant with his prior conviction of voluntary manslaughter, defendant was entitled to attempt to minimize the damage of the evidence not only by introducing it himself, but also by turning it to whatever advantage might be made of it." *Williams*, 161 Ill. 2d at 34-35, 641 N.E.2d at 310.

We distinguish the present case from *Williams* on the ground that in *Williams* and similar cases, the trial court made a decision *on the merits*; here, the court merely exercised its discretion not to decide the issue that had been presented in a motion *in limine*. The component of "justifiable reliance" on the trial court's ruling, which seems to underlie *Williams*, is absent from this case. In fact, it is precisely because defense counsel is entitled to rely on a court's adverse evidentiary ruling—as *Williams* holds—that a court may choose to decline to make such a ruling prior to trial.

If this court were to hold otherwise, then we would be telling trial courts that they are *obligated* to address and rule on motions *in limine*, and if they fail to do so, the losing party can appeal the trial court's failure to make a ruling as if the court had ruled against that party.

In sum, we hold that the trial court did not abuse its discretion when it declined to entertain defendant's motion *in limine*. Because the court never determined that defendant's prior convictions were admissible to impeach him, we will not permit defendant to argue on appeal as if the court had done so.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.