SECOND DIVISION
March 6, 2007

No. 1-04-2655

THE PEOPLE OF THE STATE OF ILLINOIS,    )    Appeal from the
                                        )    Circuit Court of
     Plaintiff-Appellee,                )    Cook County.
                                        )
          v.                            )
                                        )
EZEKIEL PHILLIPS,                       )    Honorable
                                        )    William G. Lacy,
     Defendant-Appellant.               )    Judge Presiding.


     PRESIDING JUSTICE WOLFSON delivered the opinion of the

court:

     Ezekiel Phillips was charged with attempt first degree

murder, armed violence, and aggravated battery.  This wasn't the

first time the defendant had been charged with armed violence and

aggravated battery.  He had been convicted of those offenses on

earlier occasions.  Before and during his jury trial, he moved to

bar use of the prior convictions to attack his believability when

he testified.  The trial court refused to rule, saying it wanted

to hear the defendant's direct examination before deciding.  The

defendant did not testify.

     The question before us is whether the trial court abused its

discretion when it refused to rule and, if so, whether the error

will affect the defendant's convictions for armed violence and

aggravated battery.

     For reasons that follow, we hold the trial court abused its

discretion when it refused to rule on the defendant's motion, but that the great weight of authority compels us to decline to consider whether the error supports a change in outcome. We affirm the defendant's convictions; we vacate his sentences and remand the cause for a new sentencing hearing.

FACTS

We briefly summarize the state of the record at the point where the defense again moved to bar use of defendant's prior convictions.

At trial, the State presented evidence that on June 26, 2000, the defendant stabbed Daryl Willis. Willis testified that defendant approached him outside a liquor store near Roosevelt and Loomis streets in Chicago. Defendant told Willis he did not appreciate how Willis had disrespected him the other day. Defendant said, "This is what I do to tough niggers," and stabbed Willis in the stomach. While Willis was on his back, defendant attempted to stab him again and cut Willis' leg. According to Willis, defendant grabbed Willis' head and put a knife under his throat. A woman grabbed the defendant's hand and begged him not to kill Willis. Defendant then left the scene. Laboratory and medical reports showed Willis was heavily intoxicated when he was treated for stab wounds.

In her opening statement, defense counsel told the jury the

1-04-2655

evidence would show defendant was acting in self-defense because Willis hit the defendant with a two-by-four. Defense witness Cynthia Traylor testified that prior to the confrontation, Willis was intoxicated and acting very violently. She heard Willis tell defendant to "suck [his] French Dick" and saw Willis pick up a two-by-four and swing it at the defendant. He struck defendant with the two-by-four. She then saw defendant stab Willis.

Witness Bridget Godfrey said she saw defendant and Willis arguing loudly on the sidewalk. The defendant told Willis to go away and said he did not want to argue. Willis then picked up a two-by-four and began swinging it at defendant. Godfrey said defendant was struck more than once by the two-by-four. The next thing she saw was Willis falling to the sidewalk. She did not see the defendant holding a knife.

After its eyewitness testimony, the defense renewed its motion in limine and asked the court to determine whether defendant's prior convictions would be admissible if he were to testify. The prior convictions were for armed violence, aggravated battery, domestic battery, and manufacture or delivery of a controlled substance. The court said one conviction, domestic battery, would not come in because it was older than ten years. As to the remaining convictions, the judge said:

"*** The other three convictions I was told

3

1-04-2655

about were three felony convictions and they
are all within ten years of today, given the
length of the sentences of those two previous
cases, so they do meet the first two prongs.
The third prong is whether the court must
conduct an analysis as to whether or not this
evidence of the prior convictions which would
only be contracted [sic] as to the
defendant's credibility is more probative
than prejudicial, and it is my feeling that
in order to conduct such an analysis I would
have to hear all the evidence in the case,
and until I have heard the defendant testify
I can't determine whether it's more probative
than prejudicial. For that reason I would
rule; but to rule now would be premature,
which is this court's opinion, which I know
the defense disagrees with."

The defendant then chose not to testify. The jury returned
a verdict of not guilty of attempt first degree murder, but
guilty of armed violence and aggravated battery. The trial court
denied defendant's motion for a new trial and sentenced the
defendant to life imprisonment for the armed violence conviction

4

1-04-2655

and five years' imprisonment for each of the aggravated battery convictions, to merge and run concurrently. The defendant was absent at the time the jury returned its verdict and during the sentencing hearing. There is nothing in the record to indicate the trial court admonished defendant that he could be sentenced in absentia.

DECISION

I. Refusal to Rule

In People v. Montgomery, 47 Ill. 2d 510, 519, 268 N.E.2d 695 (1971), the court adopted the 1971 proposed draft of Federal Rule of Evidence 609. In Illinois, with age limitations inapplicable to this case, a prior conviction may be used to impeach a defendant where: (1) the prior conviction was for a crime punishable by death or imprisonment in excess of one year, or a crime involving dishonesty or false statement; and (2) the danger of unfair prejudice does not substantially outweigh the probative value of the conviction. Montgomery, 47 Ill. 2d at 516; People v. Cox, 195 Ill. 2d 378, 383, 748 N.E.2d 166 (2001). In performing the balancing test, courts consider:

> " 'the nature of the prior crimes, ***the
> length of the criminal record, the age and
> circumstances of the defendant, and, above
> all, the extent to which it is more important

5

1-04-2655

> to the search for truth in a particular case
> for the jury to hear the defendant's story
> than to know of a prior conviction.' "
> Montgomery, 47 Ill. 2d at 518, quoting Fed.
> R. Evid. 609 advisory committee notes.

The trial court uses its discretion when conducting the balancing test to determine whether a witness's prior conviction is admissible for impeachment. Cox, 195 Ill. 2d at 383. Convictions for the same violent crime defendant is on trial for should be admitted "sparingly." People v. Williams, 161 Ill. 2d 1, 38, 641 N.E.2d 296 (1994). Failure to conduct a "meaningful" balancing test violates Montgomery. People v. McGee, 286 Ill. App. 3d 786, 793, 676 N.E.2d 1341 (1997).

We do not reach the question of whether defendant's prior convictions could be used to attack his character for truthtelling. Nor are we called on to decide whether the defendant's failure to testify waives review of a trial court's decision to allow use of the defendant's prior convictions to attack his believability. See Luce v. United States, 469 U.S. 38, 83 L. Ed. 2d 443, 105 S. Ct. 460 (1984); People v. Steward, 295 Ill. App. 3d 735, 748-49, 693 N.E.2d 436 (1998). Those are not matters for this appeal. The only issues before us are whether the trial court's refusal to rule until it heard the

6

1-04-2655

defendant's direct examination was an abuse of discretion, and, if it was, how do we determine what to do about it when he does not testify?

While a criminal defendant's trial lawyer has the right to make ultimate decisions about matters of tactics and strategy, the decision about whether to testify "ultimately belongs to the defendant," not his lawyer.  People v. Medina, 221 Ill. 2d 394, 403, 851 N.E.2d 1220 (2006).  The defendant's right to testify "is fundamental," not a matter of strategy or tactical decision best left to trial counsel.  Steward, 295 Ill. App. 3d at 743; People v. Daniels, 230 Ill. App. 3d 527, 535, 595 N.E.2d 83 (1992).  The defendant's right to testify is grounded in the Fifth and Sixth amendments to the United States Constitution. Rock v. Arkansas, 483 U.S. 44, 52-54, 97 L. Ed. 2d 37, 46-48, 107 S. Ct. 2704, 2709-11 (1987).

It necessarily follows that a decision of such grave import should be made intelligently, based on relevant and available information.  See United States v. Oakes, 565 F.2d 170, 171 (1st Cir. 1977).  In this case, potential use of the defendant's prior convictions, violent in nature and identical to the charges against him, had to be a factor that would weigh heavily on the decision to testify.

When the prior convictions are similar to or identical with

7

the charges at trial, the risk of unfair prejudice weighs heavily. Williams, 161 Ill. 2d at 37-38; see R. Wissler and M. Saks, On the Inefficacy of Limiting Instructions, 9 Law and Human Behavior 37, 37-48 (1985). That is, the defendant in this case faced the kind of unfair prejudice that "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." Old Chief v. United States, 519 U.S. 172, 180, 136 L. Ed. 2d 574, 588, 117 S. Ct. 644, 650 (1997). The risk, obviously recognized by the defendant's lawyer, is that the jury would use the prior convictions as proof of the defendant's violent character, an improper purpose. By taking the stand this defendant would have been engaging in a high-stakes gamble.

By the time defense counsel renewed his motion to bar the prior convictions the issues to be decided by the jury were clearly drawn. The court had heard opening statements, cross-examination of the State's witnesses, and the testimony of two defense eyewitnesses. There was no question about it: the defendant was not denying he stabbed Willis; he was claiming he acted in self-defense because an intoxicated man was striking him with a two-by-four. The court eventually held the evidence without defendant's testimony was sufficient to support self-defense instructions.

1-04-2655

We cannot fathom what more the judge needed in order to conduct the balancing test and rule on the admissibility of the prior convictions. The defendant was deprived of the information he needed to make an informed and intelligent decision about whether to testify. Few defense attorneys on the plus side of Strickland would advise a client to testify without knowing whether prior convictions for violent crimes identical to the charges in the case would be allowed to attack the defendant's character for truthfulness. See Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). The defendant's state of mind was a material issue for his affirmative defense of self-defense. People v. Parker, 194 Ill. App. 3d 1048, 1058, 551 N.E.2d 1012 (1990). Only the defendant could provide direct evidence of his reasons for stabbing Willis. Montgomery's exhortation to trial judges to consider "above all, the extent to which it is more important to the search for truth in a particular case for the jury to hear the defendant's story than to know of a prior conviction," went unheeded. Montgomery, 47 Ill. 2d at 518, quoting Fed. R. Evid. 609 advisory committee notes. We find the trial court abused its discretion when it refused to rule without first hearing the defendant's direct examination.

Our decision is based on the particular facts of this case.

9

1-04-2655

We do not suggest a <u>per se</u> rule.  There may be times when a trial court cannot effectively conduct the <u>Montgomery</u> balancing test without hearing the defendant's direct testimony, although it is difficult to envision that happening with any frequency.  In most cases, as was true in this case, the judge will have heard enough or been told enough to find the issue ripe for decision.

Once having found the trial court abused its discretion by refusing to rule, we should determine our next step.  But the great weight of authority in this State requires us to say there is no next step.  At least, not one that can be taken without engaging in speculation and guesswork.

Our supreme court has never addressed the question of how to proceed on review when the trial court refuses to rule on admissibility of prior convictions and the defendant then declines to testify.  But our appellate courts have.  Six times.  On each of those six occasions the court has held the defendant's failure to testify eliminates the trial court's refusal to rule as a reviewable issue.  Those cases are:

(1) <u>People v. Ballard</u>, 346 Ill. App. 3d 532, 543, 805 N.E.2d 656 (2004) (The harm caused by refusal to rule is speculative);

(2) <u>People v. Owen</u>, 299 Ill. App. 3d 818, 824-25, 701 N.E.2d 1174 (1998) (Court's refusal to rule becomes an issue only after defendant has testified and State seeks to offer his prior

10

convictions for impeachment purposes);

(3) <u>People v. Mims</u>, 204 Ill. App. 3d 87, 96, 561 N.E.2d 1101 (1990) (Defendant's failure to testify makes the no-ruling issue "academic");

(4) <u>People v. Rose</u>, 75 Ill. App. 3d 45, 53, 393 N.E.2d 698 (1979) (The trial court was not required to rule on the motion until defendant testified);

(5) <u>People v. Hunter</u>, 61 Ill. App. 3d 588, 597-98, 376 N.E.2d 1065 (1978) (The court may withhold its ruling on admissibility of defendant's prior convictions until after the defendant has testified);

(6) <u>People v. Barksdale</u>, 24 Ill. App. 3d 489, 496, 321 N.E.2d 489 (1974) (The trial court should have discretion to withhold ruling on motion to bar prior convictions until the defendant has testified).

The federal courts, too, have adhered to the notion that a refusal to rule on admissibility of prior convictions until the defendant testifies is within the trial court's discretion and nonreviewable on appeal when the defendant does not testify. See <u>United States v. Martinez</u>, 76 F.3d 1145, 1151-52 (10th Cir. 1996); <u>United States v. Doyle</u>, 771 F.2d 250, 254-55 (7th Cir. 1985).

Some courts in other states have expressed a strong

1-04-2655

preference for trial court rulings on prior conviction use before the defendant decides whether to take the stand. See Settles v. State, 584 So. 2d 1260, 1263-64 (Miss. 1991); Apodaca v. People, 712 P.2d 467, 473-74 (Colo. 1986); State v. McClure, 692 P.2d 579, 583-84 (Or. 1984); State v. Porter, 674 P.2d 694, 695 (Wash. App. 1984); State v. Ritchie, 473 A.2d 1164, 1165 (Vt. 1984); People v. Sangster, 333 N.W.2d 180, 183 (Mich. App. 1983); and People v. Sandoval, 314 N.E.2d 413, 416-17 (N.Y. 1974).

At times, a court, when declining to review a trial judge's nonruling where the defendant does not testify, will express disapproval of the failure to rule. While the court in Ballard, 346 Ill. App. 3d at 544-45, found the refusal to rule was not error, it questioned that refusal:

> "What more did the trial court need to know, particularly after defense witnesses testified? *** We conclude the court should have ruled and then defendant could meaningfully consider whether to exercise his right to testify."

Still, encumbered as we are by precedent in this State, we decline to further review the trial court's erroneous refusal to rule on defendant's motion to bar use of his prior convictions until he testified on direct examination. See People v. Sharpe,

12

1-04-2655

216 Ill. 2d 481, 519-20, 839 N.E.2d 492 (2005) ("The doctrine of stare decisis expresses the policy of the courts to stand by precedents and not to disturb settled points"). Since this is the only issue the defendant raises to attack his convictions, we affirm the convictions and move on to other issues in this appeal.

II. Sentencing Hearing

Defendant contends the trial court erred in sentencing him in absentia after failing to admonish him of that possibility. Section 113-4(e) of the Code of Criminal Procedure requires the trial court to admonish the defendant of the possibility of trial and sentencing in absentia, even in the case of a defendant who flees before trial. 725 ILCS 5/113-4(e) (West 2002); People v. Partee, 125 Ill. 2d 24, 40, 530 N.E.2d 460 (1988); People v. Thomas, 216 Ill. App. 3d 405, 408, 576 N.E.2d 352 (1991). In the absence of an admonishment, sentencing in absentia constitutes error. Thomas, 216 Ill. App. 3d at 408.

The record does not reflect that a section 113-4(e) admonition was given to the defendant. We vacate defendant's sentences and remand the cause for a new sentencing hearing.

III. Mittimus

Defendant contends, and the State agrees, the mittimus is incorrect because it states defendant was convicted of three separate counts of aggravated battery. At sentencing, the trial court ordered the three aggravated battery sentences to merge and

13

1-04-2655

to run concurrently with the natural life sentence. The mittimus also reflects incorrectly that defendant was convicted of unlawful use of a weapon by a felon. Because we are vacating defendant's sentences and remanding for a new sentencing hearing, there is no need for us to correct the mittimus. It should be corrected in the trial court.

CONCLUSION

We affirm the defendant's convictions. We vacate defendant's sentences and remand for a new sentencing hearing.

Affirmed and remanded for resentencing.

SOUTH, J., concurs.

JUSTICE HOFFMAN, specially concurring:

I concur in the result reached by the majority in this case. I write separately to articulate my reasons for so concurring.

The majority takes the position that we are not called upon to decide whether the defendant's failure to testify waives review of a trial court's decision to allow use of the defendant's prior convictions to attack his believability. Strictly speaking the majority is correct. The trial court never ruled on the defendant's motion to bar the State's use of his prior convictions for impeachment purposes. To my mind, however, "[t]he effect of the court's action was the same as if the court had in fact denied the motion without prejudice to renewing it after [the] defendant testified." People v. Rose, 75 Ill. App. 3d 45, 52, 393 N.E.2d 698 (1979).

14

1-04-2655

The Supreme Court has taken the position that a trial court's denial of a defendant's motion <u>in</u> <u>limine</u> seeking to bar the use of prior convictions for impeachment purposes is not preserved for review unless the defendant testifies. <u>Luce v. United States</u>, 469 U.S. 38, 41-43, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). I am at a loss to understand why the result should be any different when a trial court declines to rule on such a motion and the defendant elects not to testify.

The <u>Luce</u> Court held that any possible harm flowing from a trial court's denial of a motion <u>in</u> <u>limine</u> to bar impeachment by a prior conviction is wholly speculative absent the defendant having testified and the prosecution having been allowed to use the defendant's prior convictions to impeach him. As the Court noted, the trial judge might, in the exercise of discretion, alter the previous ruling and bar the use of the defendant's prior convictions for impeachment purposes, or the prosecution might elect not to use an arguably inadmissible prior conviction. <u>Luce</u>, 469 U.S. at 41-42. The circumstance is no different when a trial court declines to rule on such a motion and the defendant does not testify. Whether the State would have attempted to use an inadmissible prior conviction to impeach the defendant or whether the trial court would have allowed impeachment by prior conviction are matters of pure speculation.

The majority correctly holds that a defendant has a constitutional right to testify, but comes short of declaring that

15

the trial court denied him that right in this case. Instead, the majority concludes that "[t]he defendant was deprived of the information he needed to make an informed and intelligent decision about whether to testify." I disagree. The defendant was certainly aware of his prior convictions and of the risk that the State might seek to impeach his testimony by introducing evidence of one or more of those convictions. The decision of whether to testify under those circumstances was that of the defendant, not the court. Even if the defense strategy was greatly influenced by the risk that the defendant would be impeached with his prior convictions, "the court was not required to remove that risk in advance." People v. Mims, 204 Ill. App. 3d 87, 96, 561 N.E.2d 1101 (1990). In this case, the question of whether the defendant's prior convictions would be admissible for purposes of impeachment never became an issue which the trial court was obligated to resolve because the defendant never testified and the State never attempted to introduce the convictions. People v. Ballard, 346 Ill. App. 3d 532, 543, 805 N.E.2d 656 (2004); People v. Owen, 299 Ill. App. 3d 818, 824-25, 701 N.E.2d 1174 (1998); see also Rose, 75 Ill. App. 3d at 52-53. Further, the assumption that the trial court's refusal to rule on the defendant's motion in limine motivated his decision not to testify is unsupported speculation. See Luce, 469 U.S. at 42.

Unlike the majority, I do not feel "encumbered" by precedent in this area; rather I completely agree with the earlier decisions

16

of this court holding that a trial court's refusal to rule on a motion in limine to bar impeachment by evidence of a prior conviction is not reviewable. It is only when the defendant testifies and the State introduces evidence of a prior conviction for purposes of impeachment that a claim of error in admitting such evidence can be presented to a reviewing court in a concrete factual context. See Luce, 469 U.S. at 43-44. If this court were to review a trial court's refusal to rule on such a motion in limine in cases where the defendant elects not to testify, we would necessarily be required to engage in pure speculation as to the reasons why the defendant did not testify.

For these reasons, I concur in the affirmance of the defendant's conviction. Additionally, for the reasons stated by the majority, I concur in the vacation of the defendant's sentence and remand of this case to the circuit court for a new sentencing hearing.