**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHELLE F. KRAUS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| REGINA CHOICE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1306-CR-227 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1109-FD-1167

**April 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Regina Choice appeals her two-year sentence for theft, as a Class D felony. Choice raises two issues for our review:

1. Whether the trial court abused its discretion when it ordered Choice to serve two years in the Department of Correction ("DOC"); and

2. Whether Choice's sentence is inappropriate in light of the nature of the offense or her character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 28, 2011, Choice stole $114.82 worth of groceries from an Allen County Kroger store. The State charged her with theft, as a Class D felony, which carries a penalty of six months to three years incarceration. At the time of the offense, Choice was out on bond for a prior act of theft she had committed on July 28. Choice pleaded guilty to both charges, which were under different cause numbers, and the court placed her into the Drug Court Diversion Program on October 31. Choice failed that program a few months later and the court sentenced her to two years executed in the DOC. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Abuse of Discretion in Sentencing

Choice first contends that the trial court abused its discretion when it sentenced her to two years in the DOC. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d

2

218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .
>
> [However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91 (emphasis added). In other words, "[t]he relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." Id. at 491.

Here, Choice argues that the trial court abused its discretion when it sentenced her because the weight the court gave to Choice's criminal history "is not outweighed by the significant mitigating circumstances found by the trial court." Appellant's Br. at 4. But, as our Supreme Court held in Anglemyer, we cannot say that a trial court abuses its discretion when it weighs aggravating and mitigating factors. 868 N.E.2d at 490-91. Thus, the trial court did not abuse its discretion when it sentenced Choice.

### Issue Two: Inappropriate Sentence

Choice also contends that her sentence is inappropriate in light of the nature of the offense and her character. Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana

3

Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id. Revision of a sentence under Appellate Rule 7(B) requires the appellant to demonstrate that her sentence is inappropriate in light of the nature of her offense and her character. See App. R. 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

And our supreme court has stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Choice's two-year sentence is not inappropriate in light of the nature of the offense or her character. We acknowledge that the instant offense was a relatively minor

act of theft and that Choice quickly pleaded guilty to the State's charge. But Choice also has a vast criminal history that consists of seventeen misdemeanor convictions and six felony convictions, including convictions for prostitution, false informing, and escape, as well as multiple convictions for theft and conversion. She has repeatedly failed to change her criminal lifestyle, including committing the instant offense of theft while out on bond for another offense of theft. And when the trial court here granted Choice the opportunity to avoid incarceration by successfully completing a program with the Drug Court, Choice failed to take advantage of that opportunity. Moreover, Choice received a two-year sentence for a Class D felony, which carries a maximum possible term of three years. Thus, we cannot say that Choice's sentence is inappropriate and requires our intervention. We affirm her sentence.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.