THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RODNEY ROBERTS, Defendant-Appellant.

First District (3rd Division)   No. 1—91—4003

Opinion filed July 20, 1994.

Michael J. Pelletier and Alan D. Goldberg, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Robyn Berman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:
Defendant, Rodney Roberts, was found guilty of aggravated battery with a firearm (Ill. Rev. Stat. 1991, ch. 38, par. 12—4.2). He was sentenced to 6$^{1}$/$_{2}$ years in the Illinois Department of Corrections. We reverse and remand.

The issues for review by this court are (1) whether the trial court erred when it refused to instruct the jury on the lesser-included offense of reckless conduct; (2) whether the aggravated battery with a firearm statute is unconstitutional as violative of the guarantees of due process and proportionate penalties; (3) whether the judge erred by failing to apprise defense counsel of two questions submitted by the jury and communicating with the jury during deliberations; (4) whether the judge erred in refusing to answer the jurors' legal questions during deliberations; (5) whether the jury instructions on aggravated battery with a firearm were inadequate; and (6) whether the prosecutor engaged in an improper closing argument.

The following facts were adduced at trial. Anthony Anderson, the complainant, had previously lived with Margaret Wilson at 2242 South Princeton in apartment 501, in Chicago, Illinois, and was the father of her child, Abria Anderson. On April 21, 1991, Anderson visited the home of Kathleen Ervin around 3 p.m. Ervin's home was located at 2242 South Princeton in apartment 711. Around 7 p.m., Wilson, her daughter Abria and defendant, who was her current boyfriend, all arrived at apartment 711. As of April 21, Anderson was no longer living with Wilson. When Anderson saw Abria, he called her and she started walking towards him. Wilson responded by grabbing Abria and told Anthony that he could not see her. Defendant then told Anthony that he "had nothing coming with his daughter." Anthony replied by telling defendant that he had nothing against him being with Wilson, he just wanted to see his daughter. Anthony and defendant exchanged more words and Wilson and Abria left the apartment. As Wilson walked down the hall, Anderson pursued her.

Anderson returned to Ervin's apartment 5 or 10 minutes later

and asked to see defendant. Defendant was called to the door to meet Anderson. When defendant arrived at the door, he and Anderson began to curse at each other. Anderson told defendant that he wanted nothing to do with Wilson, Abria and him. Anderson testified that defendant then pulled a gun out of his jacket pocket and pointed it at Anderson's head. Anderson further testified that he slapped defendant's hand away whereupon he heard a gunshot. Two more shots were fired and Anderson sustained a gunshot wound to his left thigh. Defendant was arrested and charged with attempted murder and aggravated battery with a firearm. Anderson later testified basically that the above-described fact scenario occurred.

Defendant testified in his own behalf. Defendant maintained that when he and Anderson were arguing at the door, his wallet and his gun were hanging out of his jacket pocket due to the fact that the zipper was loose. Defendant further testified that when he and Anderson noticed the gun, they both reached for it, Anderson got hold of it, defendant grabbed it back and the two of them struggled over the gun. The gun discharged three times during the struggle. Defendant denied ever having pointed the gun at Anderson's head.

After the close of the evidence, the jury acquitted defendant of attempted murder but convicted him of aggravated battery with a firearm. Defendant was sentenced to $6^1/2$ years in the Illinois Department of Corrections followed by three years' mandatory supervised release. Defendant now appeals.

●1 First, defendant contends that the trial court's refusal to instruct the jury that reckless conduct was a lesser-included offense of aggravated battery with a firearm was error.

The Criminal Code of 1961 defines "reckless conduct" in the following manner:

> "Reckless Conduct. (a) A person who causes bodily harm to or endangers the bodily safety of an individual by any means, commits reckless conduct if he performs recklessly the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful." (Ill. Rev. Stat. 1991, ch. 38, par. 12—5(a).)

The offense of reckless conduct may be a lesser-included offense of aggravated battery. (*People v. Solis* (1991), 216 Ill. App. 3d 11, 18, 576 N.E.2d 120, 124; *People v. Perry* (1974), 19 Ill. App. 3d 254, 257, 311 N.E.2d 341, 344.) A lesser-included offense is one which "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ill. Rev. Stat. 1991, ch. 38, par. 2—9.) It is well settled that where there is even slight evidence in the record which, if believed by the jury, would reduce a

crime to a lesser-included offense, an instruction defining the lesser-included offense should be given. (*People v. Upton* (1992), 230 Ill. App. 3d 365, 374, 595 N.E.2d 56, 62; *Perry*, 19 Ill. App. 3d at 257-58, 311 N.E.2d at 344.) Where such evidence exists, the trial court may not weigh the evidence in deciding whether an issue has been raised entitling the defendant to the instruction. *Upton*, 230 Ill. App. 3d at 374-75, 595 N.E.2d at 62.

In the present case, defense counsel asked the judge to instruct the jury on the lesser-included offense of reckless conduct during the conference on jury instructions. The court ruled that a reckless conduct instruction should not be given because "the Court does not find that there was recklessness." We hold that there was evidence from which the jury could have concluded that defendant was guilty of reckless conduct rather than the greater offense of aggravated battery with a firearm. Therefore, the trial court erred in refusing to give the instruction. The testimony of complaining witness Anderson was that defendant put a gun to his head in the midst of an argument, that Anderson slapped defendant's hand away with his left hand, that he heard a gunshot fired a second later and that he was struck in the thigh with a bullet from this gunshot. The jury could have concluded from Anderson's testimony that it was merely defendant's intent to scare Anderson when he put the gun to his head and that it was Anderson's act of slapping defendant's hand which caused the gun to discharge. Such a conclusion by the jury in conjunction with a reckless conduct instruction would make defendant guilty only of the reckless act of pulling out the gun and putting it to Anderson's head. See *Perry*, 19 Ill. App. 3d at 257-58, 311 N.E.2d at 344.

Defendant's testimony also supported an instruction on reckless conduct. Defendant testified that during the argument with Anderson, he had his wallet and a .25-caliber automatic handgun in the right-hand pants pocket of his jogging suit, and that both the wallet and the gun were hanging out of his pocket due to the fact that the zipper was loose. Defendant further testified that when Anderson noticed that the gun was starting to fall out of his pocket, both he and Anderson began to reach for it. Defendant further testified that Anderson got hold of the gun, after which defendant grabbed it back and the two of them struggled for the gun. The gun discharged three times during the struggle. Defendant testified that he never pointed the gun at Anderson's head and that at no time was he able to obtain control of the gun. Had the jury believed defendant's testimony and been given the reckless conduct instruction, it might have found defendant guilty of the lesser-included offense of reckless conduct. Therefore, we hold that the judge's error in refusing to instruct the

jury on the lesser-included offense of reckless conduct constitutes reversible error.

●2 Next, defendant contends that the aggravated battery with a firearm statute is unconstitutional. Specifically, defendant argues that this statute violates due process because the statute governing the more serious act of inflicting great bodily harm while committing a simple battery is treated less severely than aggravated battery with a firearm. When faced with a similar challenge, however, the Illinois Supreme Court in *People v. Bales* (1985), 108 Ill. 2d 182, 195, 483 N.E.2d 517, 523, held that while the actual infliction of bodily harm is a proper factor to be taken into consideration in determining the seriousness of an offense, it is not the only factor, as the frequency of a crime and the high risk of bodily harm associated with a crime may also be considered in determining the seriousness of the offense. The trial court in *Bales* ruled that the residential burglary statute was unconstitutional because it imposed a mandatory minimum sentence even though the crime of aggravated kidnapping and indecent liberties with a child did contain bodily harm as an element but did not impose mandatory minimum sentences. (*Bales*, 108 Ill. 2d at 194, 483 N.E.2d at 522.) In *Bales*, the Illinois Supreme Court reversed the trial court and upheld the constitutionality of the residential burglary statute. In doing so, the *Bales* court concluded that bodily harm is not necessarily the controlling factor in sentencing and noted that the crimes of attempted murder and armed robbery do not require bodily harm but do impose mandatory minimum sentences, while some crimes involving great bodily harm do not. (*Bales*, 108 Ill. 2d at 196-97, 483 N.E.2d at 523-24.) The legislature may perceive a need to enact a more stringent penalty provision in order to halt an increase in the commission of a particular crime. (*People v. Steppan* (1985), 105 Ill. 2d 310, 320, 473 N.E.2d 1300, 1305.) Therefore, defendant's contention must fail.

Defendant further contends that this statute violates due process because it punishes the commission of a battery with a firearm more severely than the commission of a battery with another deadly weapon, despite the fact the legislature considers firearms and knives to be equally dangerous weapons. This argument is faulty for two reasons. First, defendant fails to account for the fact that the legislature may take into account the frequency and risk of conduct. (*Steppan*, 105 Ill. 2d at 320, 473 N.E.2d at 1305.) The risk of death from firearms exceeds the frequency and risk of death from other weapons. Second, the legislature does not consider firearms and knives to be equally dangerous weapons. While it is true that for the purpose of the offense of armed violence, firearms and knives are

both considered category I weapons (Ill. Rev. Stat. 1991, ch. 38, par. 33A—1), defendant neglects to acknowledge that a clear demarcation exists in other statutes between firearms and knives. For instance, the mere possession of specific types of firearms or certain devices used to silence firearms carries a much lengthier sentence than the possession of a dangerous knife with the intent to use it unlawfully against another. (Ill. Rev. Stat. 1991, ch. 38, par. 24—1(b).) Furthermore, it is an offense merely to sell or possess firearms and ammunition under certain circumstances. (Ill. Rev. Stat. 1991, ch. 38, pars. 24—3, 24—3.1, 24—3.3, 24—3.4.) No similar provisions apply to the sale or possession of knives.

More importantly, defendant's attempt to equate the commission of a simple battery with a deadly weapon with aggravated battery with a firearm fails because the aggravated battery with a firearm statute contains an additional element not present in the aggravated battery statute. While both aggravated battery and aggravated battery with a firearm require a defendant to commit battery with some weapon, either a deadly weapon or a firearm, the aggravated battery with a firearm statute contains the additional element of knowingly causing injury to another. (Ill. Rev. Stat. 1991, ch. 38, par. 12—4.2.) Therefore, these offenses are not equal, based upon the very language of the statutes which define these offenses.

Defendant finally contends that this statute violates due process when contrasted with other offenses where a weapon is "utilized" such as aggravated kidnapping, burglary and residential burglary. Defendant's choice of the word "utilized" to describe the conduct involving a weapon in these crimes and in aggravated battery with a firearm illustrates the weakness of defendant's position. While these other offenses are based on the offender merely being armed, to commit the offense of aggravated battery with a firearm, the offender must be more than merely armed; the offender must knowingly cause injury to another by discharging a firearm. The act of firing a bullet into another human being is more dangerous and serious than being armed while committing some other offense. Therefore, defendant's contention lacks merit.

The Illinois Supreme Court's reluctance to invalidate penalties established by the legislature stems from the recognition that the legislature has been empowered to declare and define conduct constituting a crime and to determine the nature and extent of punishment for it. (*People v. Steppan* (1985), 105 Ill. 2d 310, 319, 473 N.E.2d 1300, 1305.) It is the reviewing court's duty to construe statutes so as to affirm the statutes' constitutionality and validity if reasonably possible. (*People v. Shephard* (1992), 152 Ill. 2d 489, 499,

605 N.E.2d 518, 523.) The party challenging the statute has the burden of clearly establishing the alleged constitutional infirmities. (*People v. Goodey* (1992), 227 Ill. App. 3d 232, 237-38, 591 N.E.2d 102, 105.) Defendant has failed to do this. In keeping with the above case law, we hold that the aggravated battery with a firearm statute withstands defendant's constitutional challenge.

In view of the fact that we are reversing this case and remanding the cause on the basis of the trial court's failure to instruct the jury on reckless conduct, we need not address the other allegations of error at trial.

For the above reasons, we reverse the trial court's ruling and remand this cause for further proceedings consistent with this opinion.

Reversed and remanded.

TULLY, P.J., and GREIMAN, J., concur.