THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NATHANIEL PARKER, JR., Defendant-Appellant.

Fourth District   No. 4—95—0279

Opinion filed May 28, 1997.

418

Daniel D. Yuhas and Richard G. Leiser, both of State Appellate Defender's Office, of Springfield, for appellant.

Barney S. Bier, State's Attorney, of Quincy (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

After a jury trial in Adams County circuit court, defendant, Nathaniel Parker, Jr., was convicted of aggravated battery with a firearm in violation of section 12—4.2 of the Criminal Code of 1961 (720 ILCS 5/12—4.2 (West 1994)). He was sentenced to a term of 25 years' imprisonment in the Illinois Department of Corrections (DOC).

Following denial of his motion for reduction of sentence, defendant has appealed (1) alleging ineffective assistance of counsel for failure to tender a jury instruction for included offenses and (2) contending the length of his sentence was excessive. We affirm.

Monique Clay and Sharnell Shaw testified at defendant's trial. The two stood talking near a car parked in front of a friend's home on Ninth Street in Quincy at approximately 2:30 a.m. on July 31, 1994. Monique stated she noticed five or six males, including defendant, Michael Milsap, and Carl Steele, approaching her location on Ninth Street from the alley intersecting Ninth Street nearby. About that same time both Monique and Sharnell saw a disturbance about two blocks down Ninth Street and started to run to see what was going on there. Monique was behind Sharnell while they were running. When they had run about one block, Monique turned around and saw defendant holding a long-barrelled gun, and when he fired, he was pointing it at Sharnell. The streetlights were bright, and she had no trouble seeing defendant and his actions.

Both Monique and Sharnell heard someone yell, "There he is. You're busted." Then they both heard a gunshot. Sharnell felt a burning sensation in his back and saw he was bleeding. He did not realize he was shot, however, until he arrived at his aunt's house, a short distance from the shooting. She told him he was shot and took him to the emergency room where pellets were removed from his back, head, hand, arm, and buttocks.

The State also called Michael Milsap as a witness. Milsap testified he had known defendant for a long time. During the evening of July 30, 1994, into the early morning hours of July 31, Milsap had been at a party at a social center in the neighborhood near the location of the shooting. There was a large group of friends there, including Carl Steele and defendant. During the course of the party, the group drank a keg of beer. Milsap then denied seeing the shooting but admitted he gave a taped statement to the police the day after the shooting. The tape was then played for the jury.

In the taped statement Milsap stated he left the party with defendant and some other men and started walking down an alley as a group. Defendant picked up a shotgun from behind some bushes because another group from Joliet were trying "to roll up on" Milsap, defendant and the others in their group. While they were walking, they noticed someone running "away" from their group. This made them suspicious, and defendant fired the shotgun at the running figure. No one else in the group had a firearm. The person defendant shot kept running. Milsap, defendant and other members of the group split up and ran away.

The State next called Carl Steele. Steele also had known defendant for a long time and was a good friend of his. Steele admitted he heard gunshots but denied seeing anything. He also admitted to giving a taped statement to the police on the day of the shooting. The tape was played to the jury. In that statement Steele stated defendant had been at his house earlier on the evening of the shooting and Steele saw him at the party at the social center with some friends, including Milsap. When the group of friends left, Steele caught up with them. He saw defendant run ahead and pick up a shotgun from some bushes or tall grass. He stated defendant had hidden the shotgun before because he was concerned about men named Ramone, Titus, and Henry. While the group was walking down an alley, Steele noticed defendant standing by a tree. A little boy ran away and defendant shot him because he thought he looked like his adversary, Henry. Steele stated that, after defendant shot the person, he stated, "I think I got him. I think I got him." The group then ran away. Steele stated the boy who was shot did not do anything of a threatening nature toward defendant or the group.

Both Milsap and Steele were called as witnesses for the defense and stated their taped statements were the result of coercion by the police. Milsap first told the police he did not know who shot the gun. He then admitted telling the police defendant picked up the shotgun out of the bushes but did so only because the police "was going to bring me up on charges." Steele stated he was taken to the police station around 6 a.m. on the date of the incident and handcuffed to a wall. He was not released from the handcuffs until about noon when the police interviewed him. He stated he made a statement, was accused of lying, and then changed his statement to the taped version.

A police detective was called by the State in rebuttal and testified Steele's handcuffs were removed around 8 a.m. Further, on the tapes of the statements, both Milsap and Steele were asked if they had been allowed to use the rest room and get soft drinks and both said they had. Each was also asked if any threats or promises had been made to him in exchange for his statements and each denied any coercion on the tape.

On this evidence, the jury returned a guilty verdict, and defendant was later sentenced to 25 years' imprisonment. Defendant contends he received ineffective assistance of counsel because trial counsel failed to tender instructions for included offenses, which he suggests are reckless conduct, aggravated discharge of a firearm or reckless discharge of a firearm. He further contends he should receive a new trial because the trial court failed to *sua sponte* instruct on those offenses.

■ The State contends any error regarding the issue of failure to instruct on included offenses has been waived. To preserve an issue for appeal, the issue is required to be raised both by an objection during trial and in a post-trial motion. *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988). In this case, the issue was not raised either at trial or in defendant's post-trial motion. The State asserts the issue does not amount to plain error, which allows an issue to be considered despite being otherwise waived.

We find that portion of the issue relating to the failure of the trial court on its own to instruct on included offenses has been waived. However, that portion of the issue relating to ineffective assistance of trial counsel for failure to tender any instructions on included offenses has not been waived. We agree with the reasoning in *People v. Keener*, 275 Ill. App. 3d 1, 5, 655 N.E.2d 294, 297 (1995), in which the second district held there was a *per se* conflict of interest in requiring trial counsel filing a post-trial motion to assert his or her own ineffectiveness and, therefore, failure to do so does not result in waiver of the issue on appeal.

This district has previously held the failure to raise the issue of ineffective assistance of counsel in a post-trial motion waives the issue on appeal. *People v. Keys*, 195 Ill. App. 3d 370, 376, 552 N.E.2d 285, 289 (1990). The decision in *Keys* relied upon that in *Enoch*. However, the facts in *Keys* make it distinguishable from the instant case. *Keys* involved an attorney who did not make a demand for a speedy trial but who withdrew from the case prior to trial. Another attorney was appointed to represent the defendant. The second attorney tried the case and brought the post-trial motion that failed to allege the ineffectiveness of the first attorney for failure to demand a speedy trial. There was no conflict of interest involved in the second attorney making a claim the first attorney was ineffective for his failure to make a speedy trial demand.

The facts in this case, however, are similar to those in *Keener* because the same attorney would be required to raise the issue of his own ineffectiveness in a post-trial motion or find the issue to be waived. This is clearly a conflict of interest, and the failure to raise the issue does not result in defendant waiving the issue of ineffectiveness of trial counsel.

The issue of ineffectiveness of trial counsel is properly before this court. However, we find trial counsel was not ineffective in this case for failure to tender jury instructions on included offenses.

■ Under *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984), a court must consider two issues when evaluating a defendant's claim of ineffective assistance of

counsel: (1) whether trial counsel's action fell below an objective standard of reasonableness, and (2) whether a reasonable probability existed that, but for counsel's errors, the outcome of the trial would have been different. Alleged incompetency arising from a matter of trial tactics or strategy will not support a claim of ineffective representation. *People v. Gacy*, 103 Ill. 2d 1, 95, 468 N.E.2d 1171, 1212 (1984); *People v. Haywood*, 82 Ill. 2d 540, 543-44, 413 N.E.2d 410, 412 (1980). Competency of counsel is presumed, and the presumption can only be overcome by strong and convincing proof. *People v. Stewart*, 101 Ill. 2d 470, 492, 463 N.E.2d 677, 688 (1984).

Defendant argues the failure of counsel to tender proper jury instructions can constitute ineffective assistance of counsel. See *People v. Howard*, 232 Ill. App. 3d 386, 391, 597 N.E.2d 703, 707 (1992). He also contends the offense of reckless conduct may be an included offense of aggravated battery with a firearm and where there is evidence in the record that would reduce the crime to an included offense, an instruction on the lesser offense should be given. *People v. Roberts*, 265 Ill. App. 3d 400, 402-03, 638 N.E.2d 359, 361 (1994); *People v. Smith*, 261 Ill. App. 3d 117, 119, 633 N.E.2d 69, 71 (1994).

Defendant argues both Milsap and Steele testified he did not intend to cause harm to Sharnell but intended to harm someone from Joliet named Henry. Defendant contends there is no proof of the intent necessary to sustain a conviction for aggravated battery with a firearm but, because he discharged a firearm in the direction of a person, there is evidence to sustain a conviction for reckless conduct or aggravated discharge of a firearm. See 720 ILCS 5/12—5, 24—1.2(a)(2) (West 1994).

Defendant is confusing motive with intent. The evidence indicated defendant fired a shotgun at Sharnell. In doing so, he intentionally caused great bodily harm to Sharnell. This is the definition of aggravated battery. See 720 ILCS 5/12—4 (West 1994). Criminal liability is not lessened because defendant wanted to harm Henry from Joliet and mistook Sharnell for Henry. When defendant fired his shotgun at the running person, he intended great bodily harm to that person. The evidence did not support a jury instruction for either reckless conduct or aggravated discharge of a firearm, and it would have been futile for defendant's trial counsel to tender such instructions. Failure to tender the instructions is not ineffective assistance of trial counsel.

Defendant next argues his sentence is excessive. He was sentenced to a term of 25 years in DOC. Defendant was convicted of aggravated battery with a firearm, a Class X felony carrying a

sentence of from 6 to 30 years. 720 ILCS 5/12—4.2(b) (West 1994); 730 ILCS 5/5—8—1(a)(3) (West 1994). The sentence imposed is within the range provided by statute, but defendant considers it excessive. He contends the trial court did not take into account his young age, 25; the fact his prior offenses were mostly nonviolent; and the fact, according to defendant, Sharnell was not seriously injured.

Defendant also alludes to other sentences in other reported cases of convictions for aggravated battery with a firearm and notes they were less than what he received here. We will not compare sentences received in other reported cases when the argument of excessive sentence is raised. *People v. Bien*, 277 Ill. App. 3d 744, 753-55, 661 N.E.2d 511, 518-19 (1996).

■ A trial court's judgment as to the appropriate sentence is entitled to deference, and a sentence may not be altered absent a showing the punishment imposed constituted an abuse of discretion. *People v. Illgen*, 145 Ill. 2d 353, 379, 583 N.E.2d 515, 526 (1991). When factors in mitigation are presented and argued to the sentencing judge, they are presumed to have been considered, absent some show-ing to the contrary. A lengthy sentence does not mean mitigating fac-tors were ignored. *People v. Bradney*, 170 Ill. App. 3d 839, 868, 525 N.E.2d 112, 131 (1988).

■ Although defendant was only 25 years old at the time of sentencing, he had a lengthy criminal history that included a battery conviction and revocation of probation for unlawful possession of a controlled substance, which resulted in a two-year sentence to DOC. Defendant was on supervised release from that sentence when he committed the current felony. The presentence report indicated de-fendant had other incidents of violence, including while incarcerated awaiting trial on the current charge. Defendant had not taken advantage of opportunities previously afforded him for rehabilitation in the matters of education and employment.

The presentence report indicated defendant was a self-centered, sociopathic and dangerous repeat offender. His conviction here was for intentionally shooting a young man in the back with a shotgun. A sentencing judge can properly consider a defendant's prior criminal history and lack of remorse. 730 ILCS 5/5—5—3.2(a)(3) (West 1994); *People v. McDade*, 219 Ill. App. 3d 317, 331, 579 N.E.2d 1173, 1183 (1991). In this case, defendant had a lengthy criminal history and showed no remorse, claiming mistake on his part in shooting the wrong person and not remorse for shooting someone at all. Another factor that may be considered is deterring others from committing the same crime. 730 ILCS 5/5—5—3.2(a)(7) (West 1994). The trial court indicated a familiarity with defendant and his family and

friends and indicated a need to deter others from the same kinds of activities the court had tried but failed to deter defendant from committing.

The trial court did not abuse its discretion in sentencing defendant, and the judgment of the trial court is affirmed.

Affirmed.

McCULLOUGH and GREEN, JJ., concur.