THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ELRON CATHEY, Defendant-Appellant.

First District (4th Division)   No. 1—09—0112

Modified opinion filed December 16, 2010.

Michael J. Pelletier, Patricia Unsinn, and Sean Southern, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Matthew Connors, and Brian W. Reidy, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Defendant Elron Cathey appeals from an order of the circuit court of Cook County summarily dismissing his petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 et seq. (West 2008)). Defendant contends that the circuit court erred in dismissing his petition at the first stage of proceedings because he set forth the gist of meritorious claims that the trial court deprived him of his rights to due process and a fair trial when it delayed ruling on his motion in limine to exclude his prior convictions until after he testified and that he was denied the effective assistance of counsel. We affirm.

## BACKGROUND

Following a jury trial, defendant was convicted of aggravated battery with a firearm on evidence showing that he shot Maurice Sterling in the head on June 8, 2004, and the trial court sentenced him to an extended term of 40 years' imprisonment. This court affirmed that judgment on appeal, holding that the evidence was not insufficient to support a finding of defendant's guilt, that the trial court did not err when it admitted defendant's prior conviction for aggravated battery with a firearm into evidence, and that the sentence was not inap-

propriate or excessive. *People v. Cathey*, No. 1—06—0460 (2007) (unpublished order under Supreme Court Rule 23).

On September 30, 2008, defendant filed a *pro se* petition for postconviction relief in which he contended, *inter alia*, that defense counsel was ineffective for failing to obtain a ruling on his motion *in limine* to bar the use of evidence of his prior convictions to impeach his credibility before he testified, for failing to raise that issue in a posttrial motion, and for failing to request a jury instruction for reckless conduct. On December 2, 2008, the circuit court entered a written order dismissing defendant's petition as frivolous and patently without merit. In doing so, the court found that defendant's claims regarding counsel's failure to obtain a ruling on his motion *in limine* were barred by the doctrine of *res judicata*, that defendant had waived his claim regarding counsel's failure to request a jury instruction for reckless conduct by failing to raise it on direct appeal, and that counsel was not ineffective for failing to request a reckless conduct instruction. Defendant now appeals from that order, and our review is *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 387-88 (1998).

## ANALYSIS

The Act provides a remedy for a defendant who has sustained a substantial violation of his federal or state constitutional rights at trial. *People v. Edwards*, 197 Ill. 2d 239, 243-44 (2001). Proceedings are commenced by filing a petition in the court in which the conviction occurred, verified by affidavit. 725 ILCS 5/122—2.1(a)(2) (West 2008). A petition will be deemed frivolous and patently without merit when the allegations in the petition, taken as true and liberally construed, have no basis either in law or in fact. *People v. Hodges*, 234 Ill. 2d 1, 16 (2009).

## I. *Patrick* Violation

In this appeal, defendant first contends that the circuit court erred in dismissing his *pro se* petition as frivolous and patently without merit because he set forth the gist of a claim that the trial court violated his constitutional rights as set forth in *People v. Patrick*, 233 Ill. 2d 62 (2009), when it delayed ruling on his motion *in limine* to exclude evidence of his prior convictions, made pursuant to *People v. Montgomery*, 47 Ill. 2d 510 (1971), until after he had testified. In *Montgomery*, our supreme court held that evidence of prior convictions must be excluded if the trial court determines that the probative value of that evidence is outweighed by the danger of unfair prejudice. *Patrick*, 233 Ill. 2d at 68. In *Patrick*, 233 Ill. 2d at 69-73, our supreme court held that a trial court's failure to rule on a motion *in limine* on the admissibility of prior convictions when it has sufficient informa-

tion to do so constitutes an abuse of discretion and infringes on a defendant's right to testify in his own behalf.

The State asserts that defendant's claim is barred by the doctrine of *res judicata* because this court addressed his substantive claim on direct appeal and asserts in the alternative that he has forfeited this claim by failing to raise it on direct appeal. The doctrine of *res judicata* applies if three requirements are satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302 (1998). Separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief. *River Park, Inc.*, 184 Ill. 2d at 311.

In his direct appeal, defendant contended that the trial court improperly admitted his prior conviction for aggravated battery with a firearm because the crime was purely an act of violence, was unrelated to his veracity as a witness, was too remote, and was identical to his present charge of aggravated battery with a firearm. *Cathey*, slip op. at 8. This court noted that the trial court decided to revisit the admissibility of defendant's convictions after he testified because it was difficult to perform the balancing test without hearing all of the evidence, and we concluded that the trial court did not improperly admit evidence of his prior conviction and that the record established that the trial court conducted a meaningful balancing test as required by *Montgomery*. *Cathey*, slip op. at 9-10. Although defendant now asserts a different theory of why the trial court erred in ruling on his motion *in limine*, his claim arises from the same group of operative facts that gave rise to his claim on direct appeal. As such, the doctrine of *res judicata* applies to defendant's postconviction claim that the trial court abused its discretion by delaying ruling on his motion *in limine* until after he had testified.

However, while a defendant's claim is necessarily frivolous and patently without merit where the defendant is precluded from obtaining relief by *res judicata*, an otherwise barred claim may be allowed to proceed where fundamental fairness so requires. *People v. Blair*, 215 Ill. 2d 427, 445, 450 (2005). Fundamental fairness requires that a defendant be permitted to raise an issue in his postconviction petition that was rejected on direct appeal if the law has changed since the defendant's direct appeal was decided. *People v. Sanders*, 393 Ill. App. 3d 152, 162 (2009), *aff'd*, 238 Ill. 2d 391 (2010). Therefore, if *Patrick* has changed the law such that the trial court violated defendant's constitutional rights when it delayed ruling on his motion *in limine*

until after he had testified, fundamental fairness requires that his claim not be barred by *res judicata*.

The State next asserts that our supreme court's ruling in *Patrick* should not be applied retroactively to defendant's case, which was pending on collateral review at the time *Patrick* was decided. In determining whether a ruling should be applied retroactivity to a post-conviction proceeding, Illinois courts follow the standard set forth by the United States Supreme Court in *Teague v. Lane*, 489 U.S. 288, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989). *People v. Flowers*, 138 Ill. 2d 218, 237-39 (1990). In general, a new rule will not be applied retroactively to cases on collateral review and will only be so applied if it places certain kinds of individual conduct beyond the power of criminal law making authority to proscribe or it requires the observance of those procedures that are implicit in the concept of ordered liberty. *Flowers*, 138 Ill. 2d at 239, 241.

Defendant first responds that this court should not consider whether the rule set forth in *Patrick* applies retroactively to his claim because his petition was dismissed at the first stage of postconviction proceedings, and nonretroactivity is an affirmative defense that may not be raised until the second stage of proceedings. Defendant maintains that because the *Teague* rule is not jurisdictional (*Collins v. Youngblood*, 497 U.S. 37, 41, 111 L. Ed. 2d 30, 38, 110 S. Ct. 2715, 2718 (1990)) and the State may waive a *Teague* defense by failing to raise it in a timely manner (*Danforth v. Minnesota*, 552 U.S. 264, 289, 169 L. Ed. 2d 859, 877, 128 S. Ct. 1029, 1046 (2008)), a nonretroactivity argument should be treated in the same manner as an argument that a petition was untimely filed, which cannot be the basis of a first-stage dismissal of a petition (*People v. Boclair*, 202 Ill. 2d 89, 102 (2002)).

In *Boclair*, 202 Ill. 2d at 102, our supreme court held that a post-conviction petition may not be summarily dismissed at the first stage of proceedings for being untimely filed. In doing so, the court drew a distinction between the procedural requirement that a petition be timely filed and the substantive requirement that it not be frivolous or patently without merit and, based on the plain language of the Act, reasoned that a petition could only be dismissed at the first stage of proceedings if it failed to meet the substantive requirement that it not be frivolous. *Boclair*, 202 Ill. 2d at 100-02.

The State maintains that defendant's petition is frivolous and patently without merit because the rule set forth in *Patrick*, which forms the legal basis of his claim, does not apply retroactively to his case. Thus, the State is asserting that defendant's petition was properly dismissed at the first stage of proceedings because of a

substantive defect in the petition, rather than a procedural defect in the manner in which it was filed, as was the case in *Boclair*. We therefore conclude that it is proper to address the retroactive application of the *Patrick* ruling to defendant's claim at the first stage of proceedings, and we now employ the *Teague* standard to determine whether *Patrick* applies retroactively to defendant's case.

Defendant next responds that the rule set forth in *Patrick* should be applied to his case because it was not a new rule under the *Teague* standard. If the rule upon which a defendant relies existed at the time the defendant's conviction became final, it is not a new rule and will be applied on collateral review. *People v. Kizer*, 318 Ill. App. 3d 238, 246 (2000). Under *Teague*, a defendant's conviction is considered to have become final when the availability of direct appeal has been exhausted and the time for filing a petition for a writ of *certiorari* has elapsed. *Kizer*, 318 Ill. App. 3d at 246. A case announces a new rule if the result was not dictated by precedent at the time the defendant's conviction became final. *Flowers*, 138 Ill. 2d at 240. In determining whether a new rule was announced, the key consideration is whether courts considering the defendant's claim at the time of his conviction " 'would have felt compelled by existing precedent to conclude that the rule *** was required by the Constitution.' *Saffle v. Parks*, 494 U.S. 484, 488, 108 L. Ed. 2d 415, 424, 110 S. Ct. 1257, 1260 (1990); *People v. Morris*, 236 Ill. 2d [345, 360 (2010)]." *People v. Sanders*, 238 Ill. 2d 391, 402 (2010).

Defendant maintains that the *Patrick* rule had already been established by the appellate court in *People v. Phillips*, 371 Ill. App. 3d 948 (2007), and *People v. Ballard*, 346 Ill. App. 3d 532 (2004), before this court had decided his direct appeal. Defendant, citing *People v. Moore*, 177 Ill. 2d 421 (1997), asserts that our supreme court did not announce a new rule in *Patrick* because its ruling had an independent basis in preexisting decisions by this court, including *Phillips* and *Ballard*, and the court merely applied existing precedent and followed the analysis of those previous cases when it so ruled. In *Moore*, 177 Ill. 2d at 435, our supreme court held that the ruling in *People v. Kilpatrick*, 167 Ill. 2d 439 (1995), did not constitute a new rule because the holding was compelled by existing Illinois precedent and the court simply applied that precedent to an analogous set of facts.

In *Patrick*, 233 Ill. 2d at 69, our supreme court noted that there was nothing in *Montgomery* which suggested the proper time for ruling on the admissibility of a prior conviction and that the court had not previously addressed the issue of whether a trial court abuses its discretion by delaying ruling on the admissibility of prior convictions until after the defendant has testified. In reaching its holding, the

court agreed with "the comments of our appellate court and the courts of our sister states recognizing defendants' need for an early ruling and acknowledging that, in most cases, the trial judge will possess the information necessary to conduct a *Montgomery* hearing before trial." *Patrick*, 233 Ill. 2d at 73. Thus, unlike in *Moore*, 177 Ill. 2d at 435, where the holding in *Kilpatrick* was compelled by well-settled principles of law announced in the holdings of this court and the United States Supreme Court and codified into statutory law, the court in *Patrick* was persuaded to reach its decision by holdings from this court and courts from other states and announced a rule regarding an issue that had not been addressed by the Illinois or United States Supreme Court.

Although the rulings in *Phillips* and *Ballard* predate and are consistent with the supreme court's ruling in *Patrick*, this court had also held on a number of other occasions that a trial court had the discretion to withhold its ruling on a motion to bar the use of prior convictions until after the defendant had testified (*People v. Owen*, 299 Ill. App. 3d 818, 823-24 (1998); *People v. Rose*, 75 Ill. App. 3d 45, 52 (1979); *People v. Hunter*, 61 Ill. App. 3d 588, 598 (1978); *People v. Barksdale*, 24 Ill. App. 3d 489, 496 (1974)). In addition, this court observed in *People v. Averett*, 381 Ill. App. 3d 1001, 1019 (2008), *aff'd*, 237 Ill. 2d 1 (2010), that a trend was developing in the circuit court of Cook County to refuse to rule on motions *in limine* to bar the use of prior convictions. This difference of opinion in the lower courts indicates that the supreme court resolved a conflict and announced a new rule in *Patrick* and did not merely apply earlier decisions to a different set of facts. *Flowers*, 138 Ill. 2d at 240. While we understand that the fact that a given case reached a contrary result is not dispositive as to whether *Patrick* announced a new rule (*Moore*, 177 Ill. 2d at 435), we determine that these contrary results were not unreasonable interpretations of existing precedent where this issue was not addressed in *Montgomery* or by either the Illinois or United States Supreme Court.

For the reasons stated above, we conclude that our supreme court announced a new constitutional rule of criminal procedure in *Patrick*. Under *Teague*, such a new rule will only be applied retroactively to cases on collateral review if it places certain kinds of individual conduct beyond the power of criminal law making authority to proscribe or it requires the observance of those procedures that are implicit in the concept of ordered liberty. *Flowers*, 138 Ill. 2d at 241. Defendant does not contend on appeal that the *Patrick* ruling falls within either of the *Teague* exceptions, and we conclude that it does not. The *Patrick* ruling does not place any individual conduct beyond the power of criminal law making authority to proscribe and does not

establish a component of basic due process so as to fall within the second exception, which must be narrowly construed (*Flowers*, 138 Ill. 2d at 242). We thus conclude that the holding in *Patrick* does not apply retroactively to cases on collateral review and that defendant's claim is therefore barred by *res judicata*.

## II. Ineffective Assistance of Counsel

■ Defendant further contends that the circuit court erred in dismissing his postconviction petition because he set forth the gist of a meritorious claim that defense counsel was ineffective for failing to include a claim that the trial court erred by delaying ruling on his motion to bar the use of evidence of his prior convictions in his posttrial motion for a new trial and for failing to request a reckless conduct instruction.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). At the first stage of proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if it is arguable that counsel's performance fell below an objective standard of reasonableness and it is arguable that the defendant was prejudiced. *Hodges*, 234 Ill. 2d at 17. To establish prejudice, the defendant must prove there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *People v. Simms*, 192 Ill. 2d 348, 362 (2000). A failure to make the requisite showing of either deficient performance or sufficient prejudice defeats the claim. *People v. Palmer*, 162 Ill. 2d 465, 475 (1994).

The State initially responds that defendant has forfeited these claims by failing to raise them on direct appeal. A postconviction petitioner forfeits any claims that could have been raised on direct appeal, but were not. *People v. Scott*, 194 Ill. 2d 268, 274 (2000). However, in cases such as this, where the same attorney represented defendant at trial and on direct appeal, fundamental fairness requires a relaxation of the strict application of the doctrines of *res judicata* and forfeiture because "[it] would be unreasonable to expect appellate counsel to convincingly raise and argue his own incompetency." *People v. Gaines*, 105 Ill. 2d 79, 91 (1984).

### A. Posttrial motion

Defendant asserts that counsel was arguably ineffective for failing to include his claim that the trial court abused its discretion in delay-

ing ruling on his motion *in limine* until after he had testified in his posttrial motion for a new trial because the issue was likely meritorious on appeal. However, *Patrick*, which announced a new constitutional rule of criminal procedure, was not decided until after the completion of defendant's trial and direct appeal, and we therefore conclude that counsel was not ineffective for failing to challenge the trial court's delay in ruling on his motion in defendant's posttrial motion for a new trial or on direct appeal. *People v. Knippenberg*, 325 Ill. App. 3d 251, 261 (2001).

## B. Reckless conduct instruction

Defendant also asserts that counsel was arguably ineffective for failing to request a reckless conduct instruction because his testimony supported such an instruction and he wanted counsel to make such a request. The decision of whether to tender an instruction on a lesser included offense is one which belongs to the defendant, rather than to defense counsel. *People v. Brocksmith*, 162 Ill. 2d 224, 229 (1994).

We initially note that defendant did not allege in his postconviction petition or the accompanying affidavits that he wanted counsel to request a reckless conduct instruction or asked counsel to do so. Unlike in *People v. DuPree*, 397 Ill. App. 3d 719, 735-36 (2010), and *Brocksmith*, 162 Ill. 2d at 229-30, where the defendants alleged that their attorneys did not allow them to decide whether to tender the instructions for the lesser included offenses, no such allegation was made in this case. We thus conclude that counsel was not arguably ineffective for usurping defendant's decision of whether to request an instruction for reckless conduct, and we now consider whether counsel was arguably ineffective for failing to request a reckless conduct instruction because such an instruction was supported by defendant's testimony.

An instruction is justified on a lesser included offense where there is some evidence to support the giving of the instruction. *People v. Castillo*, 188 Ill. 2d 536, 540 (1999). A person commits the crime of aggravated battery with a firearm when he knowingly or intentionally causes an injury to another person by means of discharging a firearm. 720 ILCS 5/12—4.2(a)(1) (West 2004). A person commits the crime of reckless conduct by recklessly performing acts that cause bodily harm to another. 720 ILCS 5/12—5(a) (West 2004). A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow and that disregard constitutes a gross deviation from the standard of care that a reasonable person would exercise in the situation. 720 ILCS 5/4—6 (West 2004).

Defendant testified at trial that on the evening of June 8, 2004, Brian Finley and Maurice Sterling jumped out of a car, and Finley pulled out a gun and accused defendant of trying to do something to his brother. Finley was standing a couple of feet away from defendant and had his finger on the trigger of the gun. Defendant moved toward Finley and wrestled with him for the gun, which fired as they struggled over it, and defendant then pushed Finley and ran away.

Although the offense of reckless conduct may sometimes be a lesser included offense of aggravated battery with a firearm (*People v. Roberts*, 265 Ill. App. 3d 400, 402 (1994)), in this case, defendant's testimony does not provide any evidence to support the giving of a reckless conduct instruction. According to defendant's testimony, Finley threatened him with a gun and he then acted in self-defense by wrestling with Finley for the gun, at which point it accidentally fired. While we agree with defendant that his testimony, if believed, would show that he did not knowingly or intentionally shoot Sterling, his testimony does not support the conclusion that he acted recklessly or disregarded a substantial and unjustifiable risk by struggling with Finley for the gun. In addition, the decision of whether to submit an instruction on a lesser included offense is typically considered to be one of trial strategy that has no bearing on the competency of counsel because counsel could have reasonably believed that the instruction would have converted a likely acquittal into a likely conviction of the lesser crime. *People v. Dominguez*, 331 Ill. App. 3d 1006, 1015 (2002).

We thus conclude that an instruction for reckless conduct would not have been justified in this case because there was no evidence to support the giving of that instruction. In reaching that conclusion, we have considered *Roberts*, 265 Ill. App. 3d 400, and *People v. Bauman*, 34 Ill. App. 3d 582 (1975), cited by defendant, and find them distinguishable from this case because in each of those cases there was evidence that the defendant was reckless for pointing a gun at the victim, whereas in this case, defendant testified that he was not carrying a gun at the time of the incident and that it was Finley who pointed a gun at him.

As such, it is not arguable that counsel was deficient for failing to request a reckless conduct instruction or that defendant was prejudiced by that failure. Defendant's claims of ineffective assistance were therefore properly dismissed at the first stage of proceedings for being frivolous and patently without merit.

Accordingly, we affirm the order of the circuit court of Cook

County dismissing defendant's postconviction petition at the first stage of proceedings.

Affirmed.

O'BRIEN and LAVIN, JJ., concur.