[Cite as *State v. Miller*, 2012-Ohio-1922.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 11CA14 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | <u>DECISION AND</u> |
| v. | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| GABRIEL MILLER, | : | |
| | : | **RELEASED 04/25/12** |
| | | |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Gabriel Miller, Chillicothe, Ohio, pro se Appellant.

J.B. Collier, Jr., Lawrence County Prosecutor, and W. Mack Anderson, Lawrence County Assistant Prosecutor, for Appellee.

_____

Harsha, J.

{¶1} Gabriel Miller appeals from the trial court's entry denying his motion for resentencing. In 2007, Miller pleaded guilty to aggravated robbery, five counts of kidnapping, and various other charges. In Miller's 2011 motion, he argued that his sentence was void because his aggravated robbery and kidnapping offenses are allied offenses of similar import, so the trial court should have merged those convictions under R.C. 2941.25. Although a void sentence may be challenged at any time, Miller's argument, if meritorious, would only render the judgment voidable, not void. Because Miller could have but failed to raise his argument in a direct appeal, his argument is barred by the doctrine of res judicata. Accordingly, we affirm the trial court's judgment.

I. Facts

{¶2} In 2007, Miller pleaded guilty to one count of aggravated robbery with a

firearm specification, five counts of kidnapping with firearm specifications, and other charges not relevant to this appeal. Miller did not file a direct appeal. In 2011, Miller filed a motion for resentencing in which he argued that his sentence was void and that he was entitled to a de novo sentencing hearing. The trial court denied the motion as untimely, and this appeal followed.

## II. Assignment of Error

{¶3}  Miller assigns one error for our review:

I.      The trial court erred when it ruled Appellant's <u>Motion for Re-Sentencing</u> untimely.

## III. Res Judicata Bars Miller's Argument

{¶4}  Miller contends that the trial court erred when it denied his motion for resentencing as untimely. According to Miller, his sentence is void because his aggravated robbery and kidnapping convictions are allied offenses of similar import and his convictions for those offenses should have merged under R.C. 2941.25.[1] Miller claims that because his sentence is void, he can challenge it at any time and the principle of res judicata does not apply.

{¶5}  "'In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous.'" (Internal citation omitted.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d

---

[1] Miller does not specify which of his five kidnapping convictions should merge with his aggravated robbery conviction. Although unclear, Miller appears to believe he was only convicted of one count of kidnapping. The trial court sentenced Miller to five years in prison for each kidnapping offense but ordered him to serve those sentences concurrently. Miller seems to misinterpret this action to mean he only has one kidnapping conviction.

332, ¶ 6, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. Typically, "sentencing errors are not jurisdictional and do not render a judgment void." *Id.* at ¶ 7. However, "a sentence that is not in accordance with statutorily mandated terms is void." *Id.* at ¶ 8. A void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at paragraph one of the syllabus. In contrast, arguments challenging the imposition of a voidable sentence are barred by the doctrine of res judicata if not raised on a direct appeal. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30. The doctrine of res judicata bars claims that the defendant raised or could have raised on direct appeal. *In re B.C.S.*, 4th Dist. No. 07CA60, 2008-Ohio-5771, ¶ 14. "[T]he doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue. In so doing, res judicata promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶6}    Miller's argument that the trial court should have merged his convictions under R.C. 2941.25, if meritorious, would only render the judgment voidable, not void. *State v. Cioffi*, 11th Dist. Nos. 2011-T-0072 & 2011-T-0073, 2012-Ohio-299, ¶¶ 13-14; *State v. Britta*, 11th Dist. No. 2011-L-041, 2011-Ohio-6096, ¶ 17; *See State ex rel. Martin v. Russo*, 130 Ohio St.3d 269, 2011-Ohio-5516, 957 N.E.2d 769 (holding that defendant's claims of sentencing error via writ of mandamus, including allied-offense claim, barred by res judicata). Because Miller failed to raise his allied offenses

argument in a direct appeal, that issue has become res judicata and he cannot challenge his sentence on that basis collaterally through a motion for resentencing. Therefore, the trial court properly denied Miller's motion even though the court's decision would have been more precise if it premised the denial on res judicata instead of simply characterizing the motion as "untimely." *See generally Captain v. United Ohio Ins. Co.*, 4th Dist. No. 09CA14, 2010-Ohio-2691, ¶ 33, quoting *State v. Sebastian*, 4th Dist. No. 08CA19, 2009-Ohio-3117, at ¶ 25 ("'[W]hen a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial.'").

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

Kline, J. & McFarland, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
      William H. Harsha, Judge




### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**