[Cite as *State v. Elkins*, 2013-Ohio-1468.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                                    :

      Plaintiff-Appellee                       :          C.A. CASE NO.    2012 CA 28

v.                                               :          T.C. NO.    82CR62, 82CR65

RICKY L. ELKINS                                  :          (Criminal appeal from
                                                            Common Pleas Court)

      Defendant-Appellant                      :

                                                 :

        . . . . . . . . . .

## **O P I N I O N**

Rendered on the ___12th___ day of ___April___, 2013.

. . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Prosecuting Attorney, 200 N. Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

RICKY LYNN ELKINS, #172780, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the pro se Notice of Appeal of Ricky Lynn Elkins, filed July 13, 2012.  Elkins appeals from the June 18, 2012 decision of the trial court which overruled his May 14, 2012 "Motion to Correct Void Sentence."  We hereby affirm

the judgment of the trial court.

{¶ 2} On March 15, 1983, Elkins was convicted, following pleas of guilty, on two counts of attempted aggravated murder, in violation of R.C. 2923.02(A), and one count of aggravated arson, in violation of R.C. 2909.02(A)(1)(2). A third count of attempted aggravated murder was dismissed. Elkins was sentenced to a period of not less than seven nor more than 25 years on each of the attempted aggravated murder charges, to be served consecutively, for a total term of not less than 14 nor more than 50 years. He was sentenced to a term of not less than seven nor more than 25 years on the aggravated arson charges, to be served concurrently to the consecutive sentences for aggravated attempted murder.

{¶ 3} On December 9, 2011, Elkins filed a notice of appeal from his 1983 judgment entry of conviction and a motion for leave to file a delayed appeal. This Court denied Elkins' motion for delayed appeal, and the Supreme Court of Ohio declined to accept the matter for review. *State v. Elkins*, 131 Ohio St.3d 1554, 2012-Ohio-2263, 967 N.E.2d 765.

{¶ 4} On May 14, 2012, Elkins filed a "Motion to Correct a Void Sentence," in which he asserted that his sentence "is unconstitutional where the determining court has twice placed [him] in (double) jeopardy by imposing two punishments for a single conviction, * * * ", in violation of R.C. 2941.25, Ohio's multiple count statute. Elkins requested a new sentencing hearing to correct his "void" sentence. He also asserted that he received ineffective assistance of counsel.

{¶ 5} On June 18, 2012, the trial court overruled Elkins' motion, determining as follows:

> The Court finds that, even if Defendant's allegations were true, such a

failure to merge offenses would only render the judgment voidable, not void. *State v. Miller*, 4th Dist. No. 11CA14, 2012 Ohio 1922, ¶ 1. Because Defendant could have raised this argument in a direct appeal, his argument is barred by the doctrine of res judicata. *Id*. See, also, *State v. Britta*, 11th Dist. No. 2011-L-041, 2011 Ohio 6096,¶ 17.

Insofar as Defendant's motion may be construed as a motion to withdraw plea or a petition for post-conviction relief, the Court finds the same to be untimely, without merit and allegations therein belied by the record.

{¶ 6} Elkins asserts two assigned errors herein as follows:

"APPELLANT HAS A SENTENCE THAT IS CONTRARY TO LAW AS HIS OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT."

And,

"APPELLANT HAS CONSTITUTIONAL ISSUES, VIOLATION OF DOUBLE JEOPARDY CLAUSES, AND VIOLATION OF REVISED CODES."

{¶ 7} "A motion seeking vacation or correction of a sentence on the basis of constitutional rights, filed subsequent to direct appeal, is a petition for postconviction relief allowed by R.C. 2953.21. * * * ." *Id*. R. C. 2953.21 was amended, effective September 21, 1995, to impose filing deadlines for post-conviction relief petitions, and strict requirements must be met before a court may address an untimely petition. As this Court has previously noted: "'Amended Senate Bill 4, which became effective September 21, 1995, imposed mandatory filing deadlines for petitions for post-conviction relief.'" *State v.*

*Holt*, 2d Dist. Miami No. 00CA51, 2001 WL 303218 (citation omitted), * 1 (March 30, 2001). "The statutory time limits for filing petitions for post-conviction relief are jurisdictional. * * *." *Holt*, * 2.

**{¶ 8}** R.C. 2953.21(A)(2) provides:

* * * a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, * * *. If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.

**{¶ 9}** Section 3 of Am.Sub.Senate Bill 4 provides:

A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.

**{¶ 10}** R.C. 2953.21(A) provides in relevant part:

Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that

section * * * unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code * * *the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense petitioner was convicted of * * *.

* * *

{¶ 11} Elkins' petition was due within one year of September 21, 1995, and it was not timely filed. Further, he did not argue that he was unavoidably prevented from the discovery of any facts upon which he must rely, or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, pursuant to which he asserts his claim. Elkins did not contest his guilt in his motion. In other words, he failed to satisfy the requirements of R.C. 2953.23(A) in order for his untimely petition to be considered by the trial court. The decision of the trial court that Elkins' petition for post-conviction relief is untimely is affirmed.

. . . . . . . . . .

FAIN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Kevin S. Talebi
Ricky Lynn Elkins
Hon. Nick A. Selvaggio