# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Gist*, 2013 IL App (2d) 111140

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIAM E. GIST, JR., Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-11-1140 |
| Filed | March 11, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for batteries defendant allegedly committed against his son, the denial of the State's motion to admit the testimony of the victim's mother concerning prior batteries defendant allegedly committed against his son was upheld over the State's contention that the denial was based solely on the court's assessment of the mother's credibility, since the mother never saw defendant strike the victim, the testimony was unreliable and was more prejudicial than probative, and the jury might speculate as to whether defendant demonstrated a pattern of violence against his son. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 09-CF-1507; the Hon. Theodore S. Potkonjak, Judge, presiding. |
| Judgment | Affirmed and remanded. |

Counsel on
Appeal

Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Jay Paul Hoffmann, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas A. Lilien and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellee.

Panel

JUSTICE HUDSON delivered the judgment of the court, with opinion.
Presiding Justice Burke and Justice Jorgensen concurred in the judgment and opinion.

## OPINION

¶ 1     The State appeals the trial court's denial of its motion *in limine* to admit evidence of prior domestic batteries that defendant, William E. Gist, Jr., allegedly committed against his son W.G. The State contends that the court erred by denying admission of the evidence solely because of its appraisal of a witness's credibility. We affirm.

¶ 2     An indictment charged defendant with two counts of aggravated battery of a child (720 ILCS 5/12-4.3(a) (West 2008)), aggravated domestic battery (720 ILCS 5/12-3.3 (West 2008)), and aggravated battery (720 ILCS 5/12-4(a) (West 2008)). All four counts alleged that defendant struck the victim in the chest.

¶ 3     The State moved *in limine*, pursuant to common law and section 115-7.4 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115-7.4 (West 2008)), to admit evidence of prior acts of domestic violence that defendant allegedly committed against the victim and filed a notice disclosing the potential witnesses to those acts. The notice stated that defendant's son J.G. would testify that he had seen defendant strike the victim with a belt because the victim could not correctly recite his name; Angelita Gist would testify that she had seen defendant punch the victim in the stomach because he could not correctly recite his name and had seen defendant strike the victim with a belt for the same reason; and Becky Quinn of the Department of Children and Family Services would testify that defendant had admitted to her that he had disciplined the victim with a belt. The motion asserted that, in the charged incident, defendant struck the victim because he could not state his given name. Thus, the State asserted, the evidence was relevant to show defendant's intent, motive, and propensity to commit acts of domestic violence.

¶ 4     The trial court, per Judge Fred Foreman, ordered the State to present Angelita Gist's live testimony in support of the motion. At the subsequent hearing before Judge Theodore S. Potkonjak, Angelita testified that she had two children, J.G., then age eight, and W.G., who was six years old. W.G. had been nicknamed "Capone" since birth. As he grew older, he

could not understand that his given name was different. Everyone called him by his nickname, and Angelita had no problem with that. Defendant, however, did not like it.

¶ 5 Two or three weeks before the charged incident, Angelita and defendant were in their bedroom with their sons and perhaps other visiting children. The issue about the victim's name had been going on for about a month. Defendant asked the victim his name. He originally answered correctly, but then kept saying, "Capone Gist." Defendant then allegedly punched the victim in the stomach. Angelita was sitting on the bed an arm's length from defendant and saw his hand go forward and hit the victim in the abdomen. She could not tell whether defendant struck the victim with a fist or an open hand. Defendant's back was to her, and he was blocking her view of the victim, but she saw the victim grab his stomach after the contact. The victim fell down, went into a fetal position, and began to cry. Angelita picked the victim up. Defendant's grandmother was in another room at the time. Angelita did not take the victim into the other room, tell the grandmother about the incident, or call the authorities. She had not seen defendant strike the victim or J.G. on any other date.

¶ 6 The trial court denied the State's motion. The court intimated that its ruling might have been different had Judge Foreman not ordered the witness to testify. The court observed that her testimony differed from that proffered in the State's motion. The court further stated:

"Based on the testimony the Court has in front of it, the Court will find that the–again, it is after the Court has had the opportunity to listen to the testimony of the witness which the Court specifically finds not to be credible as to the injury–as to the given time of the alleged incident, prior incident, but in looking–in listening to her testimony she testified that throughout the time that they were trying to do this she never witnessed the defendant striking the victim or making any visible contact with the victim because he was having trouble with his name."

¶ 7 The court noted that Angelita's account involved, at most, one prior incident. The court found that evidence of a single incident, which Angelita did not clearly see, would be more prejudicial than probative. An order prepared by the assistant State's Attorney stated that the State's motion *in limine* was denied *in toto*.

¶ 8 The State moved to reconsider, contending that the court's assessment of the witness's credibility was not a proper basis to deny admission of the evidence. The trial court denied the motion, reiterating that it found the evidence more prejudicial than probative. The State timely appealed.

¶ 9 On appeal, the State renews its argument that the trial court erred by denying admission of the evidence solely because of its assessment of the witness's credibility. The State concedes that, in deciding whether to admit evidence of prior bad acts, the trial court must balance the probative value of the evidence against the prejudice to the defendant. The State contends, however, that the court here excluded the evidence solely because of its unfavorable opinion of Angelita's credibility, which is not a proper consideration.

¶ 10 Generally, evidence of other crimes is admissible if it is relevant for any purpose other than to show a defendant's propensity to commit crimes. *People v. Wilson*, 214 Ill. 2d 127, 135-36 (2005). However, section 115-7.4 of the Code of Criminal Procedure of 1963 provides that, in a prosecution for domestic violence, "evidence of the defendant's

commission of another offense or offenses of domestic violence is admissible, and may be considered for its bearing on any matter to which it is relevant." 725 ILCS 5/115-7.4(a) (West 2008). The statute thus alters the common-law rule by allowing admission of other-crimes evidence to show propensity. *People v. Dabbs*, 239 Ill. 2d 277, 288 (2010). The statute further provides:

> "(b) In weighing the probative value of the evidence against undue prejudice to the defendant, the court may consider:

> > (1) the proximity in time to the charged or predicate offense;

> > (2) the degree of factual similarity to the charged or predicate offense; or

> > (3) other relevant facts and circumstances." 725 ILCS 5/115-7.4(b) (West 2008).

¶ 11    We generally review a trial court's evidentiary rulings for an abuse of discretion. *People v. Caffey*, 205 Ill. 2d 52, 89 (2001). An abuse of discretion occurs when no reasonable person could agree with the position taken by the trial court. *People v. Smith*, 2012 IL App (1st) 113591, ¶ 23. However, an evidentiary ruling is reviewed *de novo* where "a trial court's exercise of discretion has been frustrated by an erroneous rule of law." *People v. Williams*, 188 Ill. 2d 365, 369 (1999). The State contends that this case is of the latter type because the trial court mistakenly believed that a witness's credibility is relevant to deciding whether evidence is more probative than prejudicial. As we explain, this is not what happened here; thus, we apply the traditional abuse-of-discretion standard.

¶ 12    The State argues that the trial court usurped the jury's function by ruling on Angelita's credibility in the context of a motion *in limine*. Defendant responds that reliability is a factor in deciding whether to admit evidence (see *Caffey*, 205 Ill. 2d at 89 ("trial court must consider a number of circumstances *** including questions of reliability and prejudice")) and that questions of reliability and credibility are necessarily intertwined. In its reply brief, the State contends that credibility is not the same thing as reliability. The State equates "unreliability" or "uncertainty" with "speculation," which it defines as "theorizing about a matter as to which evidence is not sufficient for certain knowledge." Black's Law Dictionary 1255 (5th ed. 1979).

¶ 13    Before turning to the merits, we discuss two preliminary points. First, this case is somewhat unusual in that the trial court ordered one of the potential witnesses to testify at the hearing. In its opening brief, the State complains essentially that it was placed at a disadvantage by having Angelita testify and that the court then excluded the evidence on its assessment of Angelita's credibility rather than, as in the usual case, merely accepting the State's proffer. Nevertheless, as the State concedes, a trial court has vast discretion in conducting a hearing on a motion *in limine*, including the discretion to require live witnesses. *People v. Owen*, 299 Ill. App. 3d 818, 823 (1998).

¶ 14    The second point we discuss is the scope of the trial court's ruling. As noted, the State sought to introduce testimony by three witnesses regarding at least two separate incidents. The State's notice indicated that both J.G. and Angelita would testify that defendant struck the victim with a belt. At the hearing, Angelita testified about one incident, but stated that she had not seen defendant strike the victim on any other occasion. The State did not argue that J.G. could independently testify that defendant struck the victim with a belt. The trial

-4-

court's oral ruling did not specifically refer to the belt incident. However, the written order, prepared by the prosecutor, states that the motion was denied *in toto*. The State moved to reconsider, but did not mention the belt incident.

¶ 15 The parties' briefs largely confine their argument to the incident about which Angelita testified. However, the State points out that the trial court did not refer to any of the other evidence and, at least implicitly, contends that this was error. We conclude that the State has forfeited any argument about the admissibility of the other evidence. See *People v. Thompson*, 337 Ill. App. 3d 849, 854 (2003). While the trial court did not order J.G. to testify and the State could presumably have relied on its proffer to argue for the admissibility of J.G.'s testimony, it did not argue separately for the admission of that evidence. The State did not raise the argument in its motion to reconsider and, even in this court, does not develop a separate argument that J.G.'s testimony (or that of Becky Quinn) was independently admissible to prove a pattern of conduct by defendant.

¶ 16 Turning to the merits of the primary issue, the fatal flaw in the State's logic is that the trial court did not exclude the evidence because it found that Angelita was not credible. To be sure, the court commented unfavorably on Angelita's credibility, going so far as to observe that its ruling might have been different had Angelita not testified. However, its actual finding was that Angelita did not actually see defendant strike the victim. Specifically, the court stated, "she testified that throughout the time that they were trying to do this she never witnessed the defendant striking the victim or making any visible contact with the victim," because defendant was between her and the victim. The court thus assumed the truth of Angelita's testimony, but nevertheless found the evidence unreliable. In other words, Angelita's testimony, even if true, would require the jury to speculate about whether and to what extent there was contact between the defendant's hand and the victim.

¶ 17 The court further ruled that Angelita's testimony, even if true, recounted a single incident, which did not necessarily prove a pattern of violence against the victim based on his inability to recite his name correctly. Moreover, the court emphasized that the prejudice to defendant outweighed the probative value of the evidence.

¶ 18 Properly understood, the trial court's ruling was not an abuse of discretion. The court reasonably concluded that the testimony was more prejudicial than probative. Because Angelita did not actually see defendant strike the victim, and was unable to say whether he used a closed fist or open hand, her testimony was of limited probative value. Moreover, the court reasonably noted that a single incident was of limited probative value in establishing propensity. However, the danger that the jury might speculate that defendant had demonstrated a clear pattern of violence against the victim was obviously prejudicial.

¶ 19 Accordingly, the order of the circuit court of Lake County is affirmed and the cause is remanded.

¶ 20 Affirmed and remanded.